ELIZABETH LEISE ET VIR, Respondents, v. CHARLES S. MITCHELL *et al.*, Appellants.

Kansas City Court of Appeals, April 17, 1893.

1. **Change of Venue:** VACATING ORDER. The court can make an order vacating an order for a change of venue made at the same term.

2. ————: AGAINST INHABITANTS AND JUDGE: PROCEDURE. An application was made for a change of venue both on account of the prejudice of the inhabitants and of the judge. The judge then ordered the case sent to another county in the same circuit, reserving action on the remainder of the application until the case was reached in such county. When the case was there called, he ordered an election of a special judge to try the case. *Held,* the procedure was regular, and better than to have ordered an election of the special judge on the presentation of the application.

3. **Conversion:** DEFINED: SUBSEQUENT ATTACHMENT. Where goods are seized under a void writ of attachment, it is no defense to an action against the sheriff for their conversion that he subsequently seized and sold them under a valid writ in favor of other parties.

*Appeal from the Saline Circuit Court.*—HON. LESLIE O'REAR, Special Judge.

AFFIRMED.

*William Aull, Boyd & Murrell,* for appellants.

(1) It was the duty of the circuit court of LaFayette county, on the defendants' application for a change of venue, the application being against both the judge and the inhabitants of LaFayette county, to have first passed upon the application so far as its objection was to him, and, if sustained, to have given a reasonable opportunity for selection of a special judge. In this case the judge did not pass upon the sufficiency of the application as against him, but sent the

cause to another county without having allowed the parties a reasonable time to agree on a special judge, or to elect a special judge. Revised Statutes, 1889, sec. 2262; *State ex rel. v. Bacon*, 107 Mo. 630, and cases therein cited; *State v. Higgerson*, 19 S. W. Rep. (Mo.), 625. (2) The court also erred in refusing to admit evidence offered by defendants to the effect that the property in controversy had been seized on the day following its seizure by defendants by creditors of D. C. Hackley, under a valid writ of attachment against him, and applied to the payment of his debt. 1 Sedgwick on Damages [6 Ed.] p. 82; 3 Sutherland on Damages, and cases cited; *Pierce v. Benjamin*, 14 Pick. 356; 25 Am. Dec. 399; *Lazarus v. Ely*, 45 Conn. 504; *Mayer v. Duke*, 72 Tex. 445; *Hopple v. Higbee*, 23 N. J. L. 342.

*Wallace & Chiles* and *Jno. S. Blackwell*, for respondents.

(1) There was no error in the actions of the court below in the proceedings on appellants' application for a change of venue. *State ex rel. v. Bacon*, 107 Mo. 630; *State v. Webb*, 74 Mo. 333. (2) There was no error in the court below refusing to admit in evidence a subsequent attachment in favor of another creditor against D. C. Hackley. *Robinson v. Campbell*, 8 Mo. 365; *Greeley v. Reading*, 74 Mo. 309; *Dobyns v. Meyer*, 95 Mo. 132; *Petring v. Chrisler*, 90 Mo. 649; *State ex rel. v. Rucker*, 19 Mo. App. 587.

GILL, J.—The plaintiff, Mrs. Leise, sued the defendant Mitchell, sheriff of LaFayette county, and the other defendants, Smith, Heddens & Co., in trespass for the alleged wrongful seizure and conversion of a certain stock of goods which she, the plaintiff, had in her possession as mortgagee of one Hackley.

The facts giving rise to the controversy are substantially these: Hackley was a merchant at Corder, Mo., and was indebted to Smith, Heddens & Co., of Kansas City, and, as the jury found, was also owing Mrs. Leise the balance on a note of something over $600. On June 1, 1889, Hackley, being embarrassed financially, executed a mortgage on his stock of goods to Mrs. Leise to secure her claim, and she went into immediate possession under the mortgage. On June tenth, Smith, Heddens & Co., doubtless for the purpose of contesting the validity of the mortgage, sued in attachment and directed the sheriff to levy on the goods, though then in Mrs. Leise's possession. But the writ of attachment in the suit brought by Smith, Heddens & Co. was subsequently held void and was quashed (*Smith, Heddens & Co. v. Hackley*, 44 Mo. App. 614), and thereupon followed the institution of this action in the LaFayette circuit court. At the return term the defendants appeared and filed an application for change of venue and on two grounds, to-wit: *First*, on account of an alleged prejudice of the inhabitants, and *second*, for an alleged prejudice of the judge of the court. On this application the court first ordered a change of venue to Ray county; but subsequently, at the same term, rescinded this order on plaintiff's motion and sent the case to Saline county, as being "more convenient to the opposite party." In thus transferring the cause to Saline county the court placed the order specifically on the ground of the alleged prejudice of the inhabitants of LaFayette county, and expressly reserved action on account of prejudice of the judge until the cause should reach Saline county, "when an order will be made for the election of a special judge to try the cause, if the parties fail to agree upon a special judge to try the same."

When the case reached Saline county the defendants moved the court to set aside the order rescinding the order first made transferring the cause to Ray county, and that the case be sent to said Ray county, mainly upon the ground that the court had no jurisdiction to rescind said order of change to said Ray county. This motion was overruled; and, subsequently, the parties failing to agree on some party to try the cause, a special judge was elected for that purpose.

Then followed another motion by defendants to remand the cause to LaFayette county, on the alleged ground among others that the LaFayette court had no jurisdiction to make the order changing the venue to Saline county until the parties be first given an opportunity to agree upon a special judge, etc. This motion was overruled by the special judge; the cause proceeded to trial resulting in a verdict and judgment for plaintiff, and defendants appealed.

I. The principal matter naturally presented in the foregoing statement relates to the propriety of the court's action as to the change of venue. It will be observed that the trial judge first made an order transferring the cause to Ray county, outside of his circuit. Subsequently, but at the same term of court, this order was on motion rescinded, and the case then sent to Saline. The power of the court to make an order vacating an order for change of venue made at the same term is no longer an open question in this state. *State v. Webb*, 74 Mo. 333; *Colvin v. Six*, 79 Mo. 200.

In the *Webb case* Judge HENRY uses this language: "When it is said that, 'after a change of venue is granted, the case is no longer within the jurisdiction of the court awarding the same,' it is to be understood that this is so only while the order remains in force. The court certainly has the same power during the

term at which it occurred to correct an error made by it in the matter of a change of venue, as with respect to any other order made in the progress of a cause." So then we view this case just as though there never was an order for transferring the cause to Ray county.

This point settled, a further matter as to the change of venue appears in this record. Defendants' application for removal of the cause from LaFayette county went to the disqualification of the inhabitants of the county as also the judge of the court. The court, acting on the defendants' objection to the body of the county, ordered the cause transferred to Saline county, where the cause of complaint did not exist, and which was the most convenient to the plaintiffs; and there heeding the objection to the judge (this being in the same circuit) ordered the election of a special judge to try the cause, the litigants failing to agree on a party for that purpose. It seems to be defendants' contention that, when the case was pending in LaFayette, Judge Field should have first taken up the objection to the judge, have permitted the selection of a special judge by agreement of parties or by special election, and then to have abandoned the case to the keeping of such special judge in LaFayette county, whose duty it would then have been to award a change of venue to some other county based on the disqualification of the inhabitants of LaFayette. The section of the statute relied upon to sustain this position reads thus: "If reasonable notice shall have been given to the adverse party or his attorney of record, the court or judge, as the case may be, shall consider the application, and, if it be sufficient, a change of venue shall be awarded to some county in the same or an adjoining circuit where the cause or causes complained of do not exist, as convenient as may be to the opposite party; *provided*, that where the application for a change of venue is

founded on the interest, prejudice or other objection to the judge, a change of venue shall not be awarded to another county without a reasonable opportunity having first been allowed the parties to agree upon a special judge, or for the election of a special judge as provided by law." Revised Statutes, 1889, sec. 2262. We must regard the contention of the learned counsel more technical than reasonable. When the purpose of the proviso in the foregoing section is considered, there can be little doubt that the court in this instance did not violate the evident intention of the statute. The latter part of this section, beginning with, "provided that where the application," etc., was an amendment to the old section 3733 as it appeared in the Revision of 1879. Before such amendment it was ruled in this state that under the act relating to special judges (secs. 1107, etc., Revised Statutes, 1879) it was discretionary with the court, to whom an application for change of venue was made on account of prejudice of the judge, whether a change would be ordered to another circuit or that opportunity be given for the selection of a special judge. *Barnes v. McMullin*, 78 Mo. 260. And it was the province of this amendment, first occurring in the revision of 1889, to take away this discretion of the trial court and secure to the litigants a special judge, who should try the cause where it was then pending rather than be forced to go to another county to try the cause. *State ex rel. v. Bacon*, 107 Mo. 627.

But in the case we have here, where the objection is made not only to the judge but to the inhabitants of the county, the seclection of a special judge in LaFayette county would not relieve the necessity of a change to another county. That must be awarded at all events regardless of the disqualificatian of the judge, because the litigant as well objects to the inhabitants

of LaFayette county. So then it comes to this: Judge Field was bound to consider this two-fold application— for a change of venue on account of prejudice of the inhabitants of LaFayette county, and the objection to the judge. He found the application sufficient, and to cure the first objection transferred the cause to Saline county; and to obviate the second objection there ordered the selection of a special judge to take his place. The statute providing for changes of venue in civil cases does not require the special judge who may be selected to pass on the application as in criminal cases. Revised Statutes, 1889, sec. 4175, *et. seq.* But it is made the duty of the judge of the court to determine the sufficiency of the application for change of venue and to make the order therefor accordingly. So when this application was presented to Judge Field it was his duty to pass on the same, and, if found sufficient under the law, to award the change of venue. He did this—first considering the objection as to the inhabitants of the county and changing the venue to a county where such would not prevail, and next put the law in force for the selection of a special judge. We fail to discover anything in the statute that condemns this order of proceeding. That the court first made the order for change of venue to Saline county, and there required the selection of a special judge, was for all practical purposes the same as if all done in LaFayette county. And as the law has not prescribed a different order of things we know of no reason to disapprove it. Besides, as counsel well argue, the course adopted by the court was the more reasonable and just to all concerned. If the special judge should have been selected from the bar in LaFayette county (as must have been the case if selected before the change was made, Revised Statutes, 1889, sec. 3323), then such unpaid judge would have been compelled to follow the case to such other

county. Hence, it seems best that such special judge be selected from the bar where the case should be tried.

II. At the trial defendants offered the papers in an attachment case of *Beckham, Mercer & Co. v. Hackley*, stating at the time that they offered them for the purpose of showing that, on the next day after the seizure of the goods in controversy by defendants, the same were seized and sold by the sheriff of LaFayette county under a valid writ of attachment in said case of *Beckham, Mercer & Co. v. Hackley*. On the application of plaintiff's counsel the court excluded such evidence, and of this defendants now complain. It is difficult to understand upon what theory of law such evidence as this may be thought admissible. It was not the record and papers even of a case to which the plaintiff, Mrs. Leise, was a party. Nor was it such testimony as would tend to show that the goods were subsequently seized and sold to satisfy any debt or claim against Mrs. Leise. Were it such, then there would be some apparent ground to claim that, as the goods had been used to satisfy (or even partially liquidate) a debt owing by Mrs. Leise, then it would be proper matter to go into mitigation of damages. The gist of the action at bar is that the plaintiff owned certain goods which defendants wrongfully took from her possession. This case made, she was entitled to recover, regardless of any subsequent disposition of the goods by other parties. To compensate the damages thus sustained plaintiff was entitled to look to those who seized her property in the first instance and deprived her of the same.

As to the instructions, the defendants' counsel suggested no substantial error. An examination of the record discloses a mistake by counsel when they assert that there was no evidence showing any indebtedness from Hackley to Mrs. Leise and to

secure which the mortgage was given. Of this there was abundant testimony, as is shown by plaintiffs' supplemental abstract.

Judgment affirmed. All concur.