### 9725. MARTIN *v.* ENGLISH, sheriff.

1. Where an automobile, while conveying intoxicating liquors on a public road or a private way of this State, is seized by a sheriff under the provisions of section 20 of the prohibition law approved March 28, 1917 (Ga. L. Ex. Sess. 1917, p. 16), and is being lawfully held by him in his official character as an arresting officer, pending the condemnation proceedings authorized by the statute or subsequently to the judgment of the court and pending the sale of the property, an action of trover against the sheriff can not be maintained by the owner of the automobile. The property is in custodia legis, and trover does not lie in such a case. *Smith* v. *Kershaw*, 1 *Ga.* 259; *Wallace* v. *Holly*, 13 *Ga.* 389 (58 Am. D. 518); *Chipstead* v. *Porter*, 63 *Ga.* 220; *Haslett* v. *Rogers*, 107 *Ga.* 245 (33 S. E. 44); *Geer* v. *Thompson*, 4 *Ga. App.* 756 (62 S.

OCTOBER TERM, 1918.

E. 500); *Barton* v. *Thompson*, 13 *Ga. App.* 786 (80 S. E. 30); *Hoyt* v. *Smith*, 20 *Ga. App.* 595 (93 S. E. 224); *Bernstein* v. *Higginbotham*, 148 *Ga.* 110 (96 S. E. 1); 35 Cyc. 1737. The cases of *Riley* v. *Martin*, 35 *Ga.* 136, and *Wilson* v. *Paulsen*, 57 *Ga.* 596, and others wherein an apparently contrary ruling is made, are easily distinguishable by their facts from the instant case and the cases cited above.

(a) While in this case there was no demurrer to the petition, nor a motion to strike it, substantially the same result was reached by the verdict for the defendant.

2. Even if an action of trover would lie under the circumstances stated above, the agreed statement of facts in this case shows that the defendant sheriff had the right of possession of the automobile sued for, and that the plaintiff owner was not entitled to recover. "The gist of the action of trover is the injury to the right of possession" *Roper Wholesale Grocery Co.* v. *Faver*, 8 *Ga. App.* 178. (68 S. E. 883). In some cases, to recover in trover, it is essential that the plaintiff show both title and the right of possession. In this class of cases, although the plaintiff may show that he has legal title, if it appears from the evidence that the defendant is rightfully entitled to retain possession of the property sued for, a verdict for the defendant is not only authorized but demanded. *Geer* v. *Thompson*, supra; *Birmingham Fertilizer Co.* v. *Dozier*, 13 *Ga. App.* 759 (79 S. E. 927); *Clark* v. *Fleming*, 78 *Ga.* 782 (4 S. E. 12); *Mitchell* v. *Georgia & Alabama Ry. Co.*, 111 *Ga.* 760 (36 S. E. 971, 51 L. R. A. 622); 38 Cyc. 2061, 2081 (B).

DECIDED FEBRUARY 27, 1919.

Trover; from city court of Sandersville—Judge Jordan. April 18, 1918.

In this action L. J. Martin sought to recover a certain automobile from B. A. English, sheriff of Washington county, Georgia. The defendant filed an answer in which he admitted possession of the automobile and denied that it was the property of the plaintiff, and further answered as follows: Defendant is the duly elected and qualified sheriff of Washington county, and by virtue of that fact is under the law the sheriff of the city court of Sandersville. The automobile referred to in plaintiff's petition as being in the possession of this defendant was seized by George W. Crawford, deputy sheriff of said county and of the city court of Sandersville, under and by virtue of the provisions of section 20 of the act of the General Assembly at its extraordinary session held on March 20-28, 1917, approved March 28, 1917, dealing with use and transportation, etc., of intoxicating liquors, said automobile being then and there used in conveying liquors and beverages the sale of which was prohibited by law. Subsequently, under and by virtue of said section, J. Hines Wood, as solicitor of said city court, instituted

condemnation proceedings in the name and behalf of the State of Georgia against said car and against one Marvis McBride as owner, in said city court. Said condemnation proceedings are now of file in said court, having been filed on August 21, 1917. In said condemnation proceedings the judge of said city court passed and entered up the following order or decree: "It having been made to appear to the court that copy of the within petition was duly served upon Marvis McBride on the 24th day of August, 1917, and that no answer has been filed by the said Marvis McBride, the same is hereby declared in default, and the sheriff is hereby directed to proceed to advertise, for two issues, in the Sandersville Progress, the legal organ of Washington county, said car described in the petition hereof, and to sell the same and apply the proceeds thereof as the law directs. This 2nd day of Oct. 1917. (Signed) E. W. Jordan, Judge City Court of Sandersville." The said car in the possession of the defendant and to which said plaintiff has claimed title is the car referred to in the order set forth above, and he holds the car as sheriff of the city court, under and by virtue of the said order and for the objects and purposes required of him therein as sheriff. He does not hold possession of it or claim any right, title, or interest in it in his individual capacity, but holds it in the performance of his duty as sheriff and for the purpose of carrying out the process and mandate of this court; and under the law the plaintiff can not and should not be permitted to maintain against him such action of trover.

The case was tried on an agreed statement of facts as follows: It is agreed that the answer filed by the defendant is true, and the case is submitted to the court upon the petition and the answer and the following facts: On January 27, 1917, Hardwick McBride executed and delivered to L. J. Martin a bill of sale to the property described in the plaintiff's petition, to wit, one Ford automobile of the value of $100, and the automobile now in the possession of the defendant is the automobile covered by the bill of sale, which was duly recorded in the office of the clerk of the superior court of Washington county, Georgia, on January 30, 1917. Ben. A. English as sheriff acquired possession of said automobile on August 15, 1917, having seized it while in the possession of Marvis McBride on one of the highways of said county and when said automobile was being used to transport intoxicating liquors.

On August 21, 1917, J. Hines Wood, the solicitor of said city court, brought a petition for the condemnation of said automobile, which was served upon Marvis McBride, alleging that he was the owner thereof; which petition was heard by Hon. E. W. Jordan, judge of said city court, who, on October 2, 1917, passed an order directing the sheriff to advertise said automobile for sale and sell it at public outcry. The trover suit was filed on October 2, 1917, and at that time the defendant, English, as sheriff, was in possession of the property described in the plaintiff's petition, and more than ten days prior to filing the said trover suit the plaintiff, Martin, made a demand on the defendant for the said property, and the defendant refused to deliver the same.

The trial resulted in a verdict for the defendant, the plaintiff moved for a new trial, on the grounds that the verdict was contrary to law and to the evidence, the motion was overruled, and the movant excepted.

*Evans & Evans,* for plaintiff, cited: 19 *Ga. App.* 822; 3 *Ga. App.* 357; 116 *Ga.* 732 (2); 35 *Ga.* 136; 75 *Ga.* 697; 19 *Ga. App.* 706; 38 Cyc. 2041, 2023; 15 A. D. 150; 41 A. D. 126; 14 A. D. 358; 19 A. D. 345.

*J. J. Harris, M. L. Gross,* for defendant, cited the statute and cases cited above in the headnotes, and distinguished 19 *Ga. App.* 822.

PER CURIAM. The majority of the court are of the opinion that the headnotes require no elaboration. In view, however, of the lengthy dissenting opinion of Judge Stephens, it was thought advisable to set forth briefly the views of the majority of the court. The agreed statement of facts specifically shows that the condemnation proceedings were begun within ten days from the date of the seizure of the automobile; and that statement of facts and the answer of the sheriff (which the plaintiff admitted was true) clearly show that in all other respects the proceedings were in substantial compliance with the provisions of the statute; and no question as to the irregularity or illegality of the proceedings, including the order of the judge for the sale of the automobile, or as to the jurisdiction of the trial court, was raised in that court or in this court; nor was any attack made upon the statute by the plaintiff in error in either court. The brief of his counsel in this court states that "the only question in the case was whether or not trover

would lie against the sheriff when brought by the real owner of the car." With all due respect to our learned brother, we do not think the questions referred to above, as to the legality of the condemnation proceeding, or as to jurisdiction, are in the case. It is only when it *clearly appears from the record* that a judgment has been rendered by a court having no jurisdiction of the subject-matter that this court will of its own motion reverse the judgment. *Smith v. Ferrario,* 105 *Ga.* 51..(31 S. E. 38). No such lack of jurisdiction appears from the record in this case.

In our opinion the alleged owner of the automobile could not maintain an action in trover to recover it. As was said by Mr. Presiding Justice Beck in the *Bernstein* case, supra: "The act of the legislature to which we have last referred provides a plain statutory remedy to promptly try the question of title where vehicles are seized under circumstances attending the seizure of the one in question. *Chipstead* v. *Porter,* 63 *Ga.* 220." And that remedy is not an action in trover. A complete answer to the inferential attack upon the act itself, made in the dissenting opinion, is found in the recent able and exhaustive opinion of Justice George, speaking for the Supreme Court, in *Mack* v. *Westbrook,* 148 *Ga.* 690 (98 S. E. 339). If, however, we are wrong in holding that under the facts of the case an action of trover will not lie, then, under the answer of the sheriff (which was admitted to be true) and the agreed statement of facts, the verdict for the defendant was clearly the only legal one possible.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur. Stephens, J., dissents.*

Stephens, J., dissenting. L. J. Martin instituted a suit in trover in the city court of Sandersville against B. A. English, sheriff of Washington county, for the recovery of a certain automobile, alleged to be in the possession of the defendant, to which plaintiff claimed title. The defendant answered, and by way of defense set up that he held possession of the automobile in question by virtue of a judgment or decree of the judge of the city court of Sandersville condemning the automobile and ordering it sold; alleging in his answer that the car had been seized by one of his deputies while it was being used to transport intoxicating liquors, that the said seizure had been made under section 20 of the prohibition act of 1917, providing for the seizure by a sheriff and the condemnation

and sale of any vehicle or conveyance engaged in the transportation of intoxicating liquors, and also alleging that a condemnation proceeding had been instituted in the city court of Sandersville against "said car and against one Marvis McBride as owner." In an agreed statement of facts the answer of the sheriff was agreed to as true; and it further appeared from the agreed statement of facts that the solicitor of the said city court instituted the condemnation proceeding within the ten days required by the statute, and that the petition in such proceeding was served upon "Marvis McBride alleging that he was the true owner thereof;" that the plaintiff, L. J. Martin, was the true owner of the automobile at the time of the seizure, and that the plaintiff had made demand on the defendant for the delivery of the property and the same had been refused. The judgment or decree of the judge, appearing in the defendant's answer and admitted in evidence, was as follows: "It having been made to appear to the court that copy of the within petition was duly served upon Marvis McBride on the 24th day of August, 1917, and that no answer has been filed by the said Marvis McBride, the same is hereby declared in default, and the sheriff is hereby directed to proceed to advertise for two issues in the Sandersville Progress, the legal organ of Washington county, said car described in the petition hereof, and to sell the same and apply the proceeds thereof as the law directs." Upon the issues thus made a verdict and judgment were rendered for the defendant. A motion for new trial, on the general grounds only, was overruled, and on exception thereto the case was brought to this court for review.

The majority of the court are of the opinion that an action of trover does not lie; that the verdict and judgment are supported by the evidence and are not contrary to law. The judgment is therefore affirmed. In this judgment of affirmance and the reasons given therefor I cannot concur. I make no attack upon the act itself. I am of the opinion that the plaintiff proved his title and right to possession, and that the defendant sheriff failed to set up, either in his answer or by the evidence, that the automobile in question had been condemned according to the terms of the statute. I am of the further opinion that under the showing made by the defendant sheriff the property is not in custodia legis, and trover is the proper remedy, and that the verdict and judgment for defendant are contrary to law.

The plaintiff made a prima facie case. Did the defendant, admitting the plaintiff's title at the time of the seizure, show, by his answer and the evidence, that plaintiff became divested of his title and that the same was acquired by the State of Georgia? The proceeding against the property, being in invitum and predicated upon a drastic statute derogatory of the common law and common right, must be strictly pursued. It must affirmatively appear that the court, under whose order the property was condemned and the true owner claimed to have been divested of his title, had jurisdiction in the particular case. All jurisdictional facts must appear of record.

That no person shall be deprived of his property without due process of law is a well-settled constitutional doctrine. Notice to the person whose property is sought to be taken is an essential element of due process of law. This is fundamental and needs no argument. Our legislature, in enacting the statute under which this seizure is justified, recognized this constitutional provision, and provided that a copy of the petition in the condemnation proceeding should be served upon "the owner or lessee if known, and if the owner or lessee is unknown," then service must be perfected by publication. If the owner is known, service upon him would be sufficient. If, however, he is not known, the State proceeds at its peril in seeking to condemn his property by service upon some other person. Only service by publication will then protect the State, unless, perhaps, service upon a lessee would suffice under the terms of the statute. The notice required under the statute is jurisdictional. The proceeding is in rem, and the notice required is prerequisite to the power and jurisdiction of the court to condemn property and order it sold under the authority of this statute. In Bradstreet *v.* Neptune Insurance Co., 3 Summ. 607 (Fed. Cas. No. 1793), Justice Story said: "It is a rule, founded in the first principles of natural justice, that a party shall have an opportunity to be heard in his defense before his property is condemned, and that the charges on which the condemnation is sought shall be specific, determinate and clear." In Brown on Jurisdiction, 189, it is said: "When a legal proceeding is commenced against a person or corporation, whether resident within the jurisdiction of the court in which it is begun or not, and whether the proceeding is in rem or in personam, the defendant must be served with process in some

one of the forms provided by law, or a voluntary appearance must be made by or on his behalf. *The notice, if there is no appearance, is jurisdictional.* Although much has been said by courts touching jurisdiction derived from the filing of a petition, seizure of property by attachment, garnishment or other means of sequestration, we hold that the rule today is that there must be service of process made on the defendant in some form to give the court jurisdiction over the property seized; otherwise the judgment would be an arbitrary edict, condemning without hearing." At page 191 the author further says: "Without notice one essential element of jurisdiction is absent—the party defendant. . . Where the statute prescribes the form of service, or mode of obtaining it, that mode must be pursued strictly. The law requiring process to be served also gives the implied right to the defendant to appear and defend; and if this right is refused him the judgment is void. The judgment is based on the service as much as subject-matter. The petition simply says: I have a cause of action against the defendant. The law says: Notify the defendant of the proceedings and the court will hear you. Hence the notice must be given under the forms of law. Where it provides a form, or gives direction as to the manner of service by publication, the statute must be complied with strictly; the direction is mandatory. At page 239: "The proceeding in rem is a proceeding to acquire, dissolve, forfeit, confiscate, or sell and apply a thing for some legal purpose, or its proceeds. In the latter proceedings, when regular, it is said to bind the world. This, however, is subject to conditions, for the owner must be notified in some form, of the proceedings, but personal service is not necessary. The State in which the thing is situated may prescribe a form of service and seizure other than personal service of the notice of the suit on defendant, usually by publication. It is such proceedings that, when regular, bind the world." At page 250: "There are certain conditions and means under and by which the res is brought under the control of the court: (1) The court must have jurisdiction over the subject-matter and actual dominion over the thing. (2) A petition or information must be filed in a court of competent jurisdiction asking the seizure of the thing, setting forth a right of action against the thing or the owner of the thing attached, and praying for judgment or condemnation or sale for the debt. (3) *Notice must be given to the owner of the*

*thing of the seizure and the nature of the proceedings against it, or notice to the world, where the action is purely against the thing.* (4) Opportunity for intervention and defense by the owner of the thing must be given. (5) *A judicial finding of the facts alleged in the information or petition and a judgment of condemnation or sequestration are necessary.* (6) *The conclusiveness of the decree rests upon the sufficiency of the notice and regularity of the proceedings.*" (Italics mine.) At page 132: "To render a valid judgment the court rendering it must acquire jurisdiction over the defendant in the action, and all the authorities agree that if it does not, then the judgment is invalid and void, a mere arbitrary edict and entitled to no respect. The defendant must be subject to the jurisdiction of the court, and in order that the judgment be valid, the process must be served within such jurisdiction. It is also shown that the judgment rendered by the court must be such a one as it is authorized to render in the proceedings before it or it will be coram non judice."

The Supreme Court of the United States, in the case of Thatcher *v.* Powell, 6 Wheaton (19 U. S.), 119 (5 L. ed. 221), held that "in summary proceedings, where a court exercises an extraordinary power under a special statute, which prescribes its course, that course ought to be strictly pursued, and the facts which give jurisdiction ought to appear on the face of the record. Otherwise, the proceedings are not merely voidable, but absolutely void, as being coram non judice." In Galpin *v.* Page, 18 Wall. 85 U. S. 350 (21 L. ed. 959), that court held that "where the special powers conferred are exercised in a special manner, not according to the course of the common law, or where the general powers of the court are exercised over a class not within its ordinary jurisdiction upon the performance of prescribed conditions, no such presumption of jurisdiction will attend the judgment of the court. The facts essential to the exercise of the special jurisdiction must appear in such cases upon the record." See also *D'Antignac* v. *Augusta,* 31 *Ga.* 700, approved in *Frank* v. *Atlanta, 72 Ga.* 432, and in *DuBignon* v. *Brunswick,* 106 *Ga.* 322 (32 S. E. 102).

Section 20 of the prohibition act of 1917 provides, that in a proceeding to condemn a vehicle or conveyance on the ground of its being engaged in the transportation of intoxicating liquors, a copy of the condemnation proceeding "shall be served upon the owner or

lessee, if known, and if the owner or lessee is unknown, notice of such proceeding shall be published once a week for two weeks in the newspaper in which sheriff's advertisements are published." Under the foregoing authorities cited, the perfection of *notice* in some manner as required by this statute is jurisdictional, and all jurisdictional facts must appear upon the face of the record. Notice is a condition precedent, under the statute, to the right and power of the court to render judgment condemning a vehicle or conveyance seized upon the ground of its being engaged in the transportation of intoxicating liquors. When the record before us shows that before the rendition of the judgment of condemnation, under which the sheriff justifies his possession of the automobile in question, service was perfected upon a certain person by name, it will not be presumed, even if it was not necessary for the record to disclose such a jurisdictional fact, that other or different service than such service upon the party named was perfected. In other words, it will be taken as a fact that the plaintiff in this case, who was at the time the true owner of the property, was neither served personally nor was there any service by publication. In the case of Galpin *v.* Page, supra, it was held that "when the record states the evidence or makes an averment with reference to a jurisdictional fact, it will not be presumed that there was other or different evidence respecting the fact, or that the fact was otherwise than as averred."

The judgment of the city court of Sandersville condemning the property, which was pleaded and admitted in evidence by consent, does not recite on its face such jurisdictional facts as are required by the foregoing authorities cited. This judgment merely recites that, "it having been made to appear to the court that a copy of the within petition was duly served upon Marvis McBride" on a named date, and "that no answer has been filed by the said Marvis McBride, the same is hereby declared in default." It does not recite who Marvis McBride is, whether he is lessee or owner. So far as appears from this judgment, in the absence of the pleadings, Marvis McBride, the only party served with notice, was a perfect stranger to the case. He does not appear to be either owner or lessee. It therefore does not appear from the judgment that the owner or the lessee was served, nor does it appear that there was any service perfected by publication. The judgment on its face fails to show the jurisdictional fact of such service as is required by the statute, and

therefore fails to show jurisdiction in the court which rendered it. Neither does it show that the condemnation proceedings were instituted by the solicitor of the court within ten days after notice to him by the officer seizing the vehicle, as required by the statute, nor that any one was ever in possession of the automobile, nor that the automobile was ever seized by any one, nor that it was ever engaged in the transportation of intoxicating liquors, nor that service was perfected within the jurisdiction of the court, nor that anything transpired within the jurisdiction of the court,—all of which are jurisdictional facts. The judgment, therefore, failing to show jurisdiction over the subject-matter, is absolutely void and constitutes no defense for the defendant.

The judgment relied upon by the sheriff, in addition to failing to show jurisdictional facts, fails to show that it was based upon a proceeding under the condemnation statute. These omissions might have been aided by the pleadings, but the latter are not in evidence. The absence of the pleadings is fatal. The judgment being relied upon to show a judicial result, i. e., a condemnation under the terms of the statute, the pleadings are absolutely essential to establish the particular state of facts upon which the judgment is predicated, including service or notice. This was held to be the law in *Gibson* v. *Robinson,* 90 *Ga.* 756, 763 (16 S. E. 969, 35 Am. St. R. 250), Mr. Justice Samuel Lumpkin used the following language: "It is well recognized as a general rule, that where a judgment is relied upon as an estoppel, or as establishing any particular state of facts of which it was the judicial result, it can be proved only by offering in evidence a complete and duly authenticated copy of the *entire* proceedings in which the same was rendered. But where the only direct object to be subserved is to show the *existence and contents* of such judgment, this rule does not apply, and a certified copy of the judgment entry of a court of record possessing general original jurisdiction is admissible, by itself, to prove rendition and contents. . . . Such entry will be prima facie evidence of a valid judgment, and on being admitted, all the legal incidents attach which the law annexes to judgments of that class. *It will not, however, be conclusive* either of *jurisdiction* of the parties, *service,* or of any *other matter material to the rendition of a valid judgment."* (Italics mine.) This opinion was cited with approval of by the Supreme Court of this State in *Kerchner* v. *Frazier,* 106

*Ga.* 440 (32 S. E. 351). See also *Weaver* v. *Tuten,* 138 *Ga.* 103 (74 S. E. 835); *Little Rock Cooperage Co.* v. *Hodge,* 112 *Ga.* 526 (37 S. E. 743).

The defense, therefore, is fatally defective and fails to establish in the defendant sheriff any right to hold the automobile for the purpose claimed.

The judgment, failing to show any seizure or any other jurisdictional fact, is void on its face. Can such jurisdictional facts be supplied by evidence aliunde? If so, the burden would be upon one defending under the judgment to establish such facts. This the defendants fails to do. It is true that in the agreed statement of facts the evidence recites that a seizure was made, that it was made within the jurisdiction of the court, and that the condemnation proceedings were instituted against the automobile and against one "Marvis McBride as owner," and that the petition in such proceedings was "served upon Marvis McBride alleging that he was the owner thereof." Any allegation, if there were any, in the petition for condemnation which alleged ownership in anyone, or that service was perfected on Marvis McBride, "alleging that he was the owner," certainly constituted no judicial determination of the ownership of the automobile claimed to have been seized and sought to be condemned. The recitals in the petition were merely what the State alleged or claimed in the case. Under no view do such recitals adjudicate or judicially determine anything, certainly nothing as against this plaintiff, who was not a party to that case, not having been served and not having entered an appearance. Besides, there is nothing in the evidence whatsover from which it can be remotely inferred that the fundamental jurisdictional fact of *seizure* was adjudicated or determined in the condemnation proceeding. The evidence, therefore, utterly *fails to supply the jurisdictional facts lacking on the face of the judgment.* A judicial determination upon the trial of the condemnation proceedings of all jurisdictional facts was necessary to a valid judgment of condemnation, and essential to the defendant's defense. It nowhere appearing that such determination was had, the verdict and judgment in the case before us are unsupported by the evidence, and are therefore contrary to law, as set out in the general grounds of the motion for new trial.

Nowhere does it appear, either from the record or from the evidence, that the proceeding was against the *"owner"* or the *"lessee,"*

or the whole world by virtue of a *newspaper publication*. No notice whatever, as the statute requires, having been given, the defendant sheriff's right to hold and sell the property manifestly fails, and his answer and the evidence set up no defense against the true owner.

The automobile is not being condemned in the proceeding now before us. The sheriff here is defending upon the ground that it was condemned in the former proceeding. This defense he fails to substantiate, in the absence of proof, either in the judgment of condemnation or in the evidence produced, that the automobile was legally and judicially condemned.

Whatever presumption of ownership or legal possession may arise from mere possession can be disputed in this proceeding by the plaintiff when the fact of ownership or right of possession was not adjudicated in the condemnation proceedings. The plaintiff certainly stands as well before the court in this respect in the trover suit as does the defendant. As to the argument that one in possession of personal property is presumed to be the owner, it is a sufficient reply to say that the proof here conclusively shows that the person in possession of the automobile when seized was *not* the owner. Besides, the statute destroyed any such presumption by recognizing that the party in possession of the vehicle or conveyance proceeded against might be a lessee. Whether notice to a lessee binds the owner, we are not called upon to decide, since there is nothing whatever in the record to connect Marvis McBride with the owner as a *lessee*. There nowhere appears any privity between them. So far as the evidence and the record disclose he may have been in wrongful and illegal possession of the automobile. Besides he was proceeded against, not as a *lessee,* but, according to the evidence, as the *owner*. He clearly was not the latter. Be that as it may, as evidenced from the judgment, so far as the recitals disclose, he was not proceeded against either as a *lessee* or as the *owner*.

That, under the terms of this statute, an automobile worth five thousand dollars can be taken from its owner, confiscated and sold, and the proceeds of the sale paid over to the State, upon the automobile being found transporting liquor of the value of only fifty cents, is to say the least a harsh and drastic proceeding. It is a matter strictissimi juris. For this reason the statute should be enforced most strictly and in accordance with its very terms. Only then should its enforcement work a forfeiture and a destruction of

property rights. The constitution of this State declares that "protection to person and property is the paramount duty of government, and shall be impartial and complete." Civil Code, § 6358. Therefore, no fiction of ownership founded upon a mere presumption from possession should prevail when confronted with the absolute fact that the party in possession, and who alone was served and notified, was *not the owner*.

I am not unmindful of the decisions of this court and of the Supreme Court which hold that an action of trover will not lie against a sheriff to recover personal property held by him under judicial process. These decisions are based upon the ground that such property is in custodia legis and cannot be interfered with. The instant case, however, is distinguishable from them. It appears here that the court had no jurisdiction, and that the sheriff holds the property under a void judgment. The property, therefore, is not in custodia legis, but is being held by the sheriff tortiously and illegally. Under such circumstances, the authorities abundantly sustain the proposition that trover will lie at the instance of the true owner, to recover personal property in the possession of a sheriff. A sheriff as such is not exempt from an action of trover to recover property which he claims to hold in his official capacity. In *Riley* v. *Martin*, 35 *Ga.* 136, where a levying officer made a lawful levy and afterwards tortiously converted the property, although acting in his official capacity, it was held that trover would lie against him. In 38 Cyc. 2041, where this case is cited with approval, it is stated that "an action for conversion may be maintained for the wrongful seizure and disposition of property under an attachment, execution or distress." In support of the proposition that trover will lie against a sheriff to recover property in his custody, where there was either an unlawful seizure or a wrongful conversion, see Leise v. Mitchell (1893), 53 Mo. App. 563, and Abercrombie v. Bradford (1849), 16 Ala. 560. A wrongful levy constitutes a conversion. Stuart v. Phelps (1874), 39 Iowa 14; Marks v. Bright (1892), 81 Wis. 572 (51 N. W. 882); Vaden v. Ellis (1857), 18 Ark. 355; Lyon v Yates (1868), 52 Barb. (N. Y.) 237.

Plaintiff relies upon title in himself; the sheriff defends upon title in the State. The issue that is being tried is one of title, and trover, therefore, must be the remedy. The owner may rest secure

32

on his title and demand that his property be taken by due process of law, and in accordance with the terms of the statute.

The uncontradicted testimony showing title in the plaintiff at the time of the alleged seizure of the automobile, and the answer of the defendant sheriff and the evidence failing to show that plaintiff's title had become divested, and that such title had by due process of law been transferred to the State of Georgia, the sheriff fails to set up any title in the State which would justify him in withholding from the plaintiff the automobile in question, after plaintiff had demanded of him its surrender. In my opinion the verdict and judgment were contrary to law, and the judgment of the trial judge overruling the motion for new trial should be reversed.