### 10499. SMITH v. SPENCER-DOWLER COMPANY.

Sale of a stolen vehicle under condemnation proceedings based on its use in carrying intoxicating liquors, of which the owner was ignorant, did not divest his title to it.

DECIDED OCTOBER 9, 1919.

Trover; from Newton superior court—Judge Smith. March 28, 1919.

*Rogers & Knox,* for plaintiff in error, cited: Act of March 28, 1917 (Pamph. p. 16); 5 Park's Code, § 5967; *Stroupper* v. *McCauley,* 45 *Ga.* 77; 23 Cyc. 1406; *Silvey* v. *Tift,* 123 *Ga.* 808; Freeman, Judgments (3d ed.) § 611; 12 Enc. Pl. & Pr. 147; United States v. One Buick Automobile, 244 Fed. 963; United States v. Mincey, 254 Fed. 287 (C. C. A., 5th Circuit); United States v. Blackhorse, 147 Fed. 770; Kriess v. Faron, 50 Pac. 388-9;

4 Park's Code, § 5554; *Smith* v. *Downing Co.,* 21 *Ga. App.* 741 (3).

*King & Johnson,* contra, cited: Act of 1917, supra; United States *v.* Cargo of Ship Favorite, 4 Cranch (U. S.), 347; *Shrouder* v. *Sweat,* 148 *Ga.* 378; *Whites* v. *State,* 23 *Ga. App.* 174; *Campbell* v. *Hutcheson,* 23 *Ga. App.* 111; *Mack* v. *Westbrook,* 148 *Ga.* 690; Boyd *v.* United States, 116 U. S. 116; Skinner *v.* Thomas, 171 N. C. 98 (87 S. E.976), and note to same case in L. R. A. (N. S.) 1916 E, p. 343; United States *v.* Two Barrels of Whisky, 96 Fed. 479 (37 C. C. A. 518).

LUKE, J. The facts of this case show that an automobile was stolen in the City of Chattanooga, Tennessee, and was subsequently seized in the County of Cobb, in this State, and that intoxicating liquors were contained in it and being transferred by it. Condemnation proceedings under the act of March 28, 1917 (pamph. p. 16), were had against the car, and under such proceedings it was duly sold. The true owner of the car subsequently located it and instituted trover proceedings for its recovery. The evidence in the case established the ownership of the car, and it was conclusive that the true owner had lost it by theft and had no knowledge that anyone was illegally transporting liquor in it. A verdict was returned in his favor; the defendant's motion for a new trial was overruled, and the movant excepted.

It was admitted on the part of the defendant that the plaintiff was entitled to recover unless the condemnation proceedings and the sale thereunder divested the title of the plaintiff, but the defendant contended that notwithstanding the fact that the car was stolen and the owner had no knowledge of the illegal use to which the thief put it, the fact that the car was condemned and sold under the condemnation proceeding forever barred the owner from claiming the car. We do not agree with this contention. The thief obtained no title to the car and the purchaser at the sale got no better title than the possessor had at the time of its seizure. *Lawless* v. *Orr,* 122 *Ga.* 276 (50 S. E. 85); *Campbell* v. *Hutcheson,* 23 *Ga. App.* 111 (97 S. E. 555). The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*