13583.   HARWOOD, executor, *v.* STATE OF GEORGIA.

JENKINS, P. J. The State, by a solicitor-general, under section 20 of the act of the General Assembly, approved March 28, 1917 (Act 1917, Ex. Sess., pp. 7, 16; Park's Ann. Code Supp. 1917, § 448(oooo), filed in the superior court condemnation proceedings against an automobile, alleging its use with the knowledge and consent of the owner in the illegal transportation of intoxicating liquors. The owner duly filed his defense, but died before a hearing; whereupon the executor of his will filed an appearance in the nature of a plea in abatement, and other special pleadings, which set up the contention that the proceeding, being for the enforcement of a penalty and forfeiture against the owner, abated upon his death and could not be revived. The court held adversely to this contention, and, the jury having found for the State, an order of condemnation was taken. The executor excepts to the order denying his motion for a new trial. While the motion contains the general grounds and others complaining of the procedure making the executor a party, the sole question argued by counsel was as to whether the death of the owner defeated the right of the State to proceed with the condemnation. *Held:*

While, in a limited sense, a proceeding for the condemnation of property on account of criminal acts of the owner partakes of the nature of an action " against the owner as well as a proceeding against the goods, for it is his breach of the law which has to be proven to establish the forfeiture, and it is his property which is sought to be forfeited," so that in such a case an acquittal on a criminal information is a good plea in bar to such a civil information arising upon the same acts, and such property cannot ordinarily be condemned without notice to the owner and an opportunity to be heard (*Duncan* v. *State,* 149 *Ga.* 195, 99 S. E. 612; Coffey *v.* U. S., 116 U. S. 436, 6 Sup. Ct. 437, 29 L. ed. 684; Boyd *v.* U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. ed. 746 (5), 752; Place *v.* Norwich &c. Trans. Co., 118 U. S. 468, 506, 526, 6 Sup. Ct. 1150, 30 L. ed. 134, 147; Sentell *v.* New Orleans R. Co., 166 U. S. 698, 17 Sup. Ct. 693, 41 L. ed. 1172), yet fundamentally " the proceeding authorized by section 20 of the Georgia act in question is one in rem, against the offending thing, and not against

the offending owner.'"   *Mack* v. *Westbrook*, 148 *Ga.* 690 (2), 697 (98 S. E. 339); 12 R. C. L. 130.   And while the statute provides that after a defense has been filed "the cause shall proceed as other civil cases," yet where the finding is adverse to the owner, the judgment is in no sense in personam, but only the property is condemned and sold and the proceeds subjected, so that the costs of court and the expenses incurred are not collectible by personal judgment and execution against the owner, but are paid from such proceeds.   The proceeding not being in personam, the court did not err in holding that it survived the death of the owner, and the condemnation properly proceeded against the property.   See also *State* v. *Killens*, 149 *Ga.* 735, 736 (101 S. E. 911); *Rowland* v. *Morris*, 152 *Ga.* 842 (111 S. E. 389, 391).

*Judgment affirmed.   Stephens and Bell, JJ., concur.*
Decided February 8, 1923.

·Condemnation under liquor law; from Dade superior court — Judge Tarver.   April 20, 1922.

*McClure, Hale & McClure, White & White,* for plaintiff in error.
*J. M. Lang,* solicitor-general, contra.