14738.   LUMMUS v. HOPKINS.

</div>

JENKINS, P. J. An automobile was sold for cash and on credit installments, evidenced by a duly recorded conditional bill of sale reserving title in the vendor until payment of the purchase price. The car was seized, condemned, and sold on account of unlawful transportation of liquor, under the provisions of section 20 of the act approved March 28, 1917 (Act 1917, Ex. Sess., pp. 7, 16; 11 Park's Ann. Code Supp. 1922, § 448(oooo) ), without notice to the vendor as to the proceedings and sale. A balance remained due to the original vendor of the automobile, and he brought trover for it against the last purchaser. The case was tried under an agreed statement of facts, essentially as stated above, with this additional agreement: "All legal questions in this case are waived, leaving for determination only the following: Where unpaid purchase-money for an automobile is secured by a contract retaining title, and the same is recorded, and where thereafter the automobile is seized while transporting liquor and condemned and sold under the prohibition act of 1917, and without any service of any notice on the seller, or any actual notice to him, is the title of the purchaser of the automobile at a sheriff's sale under condemnation superior to that of the original vendor for his unpaid purchase-money? If the above question be determined in the affirmative, a judgment should be rendered . . for the defendant. If it is decided in the

negative, a judgment should be for the plaintiff, for $357.30." The trial court found for the plaintiff, and a certiorari from this judgment was overruled. *Held:*

1. The condemnation provisions of the Georgia prohibition act of 1917, unlike the forfeiture statutes of the United States (U. S. Rev. Stat., § 3450; U. S. Comp. Stat. 1918, § 6352; J. W. Goldsmith Jr.-Grant Co. v. U. S., 254 U. S. 505), require knowledge by the owner of the unlawful use of the vehicle engaged in the transportation, and the burden of showing such knowledge is upon the State. *Lang* v. *Hitt*, 149 *Ga.* 667 (1, 2) (101 S. E. 795); *Citizens Trust Co.* v. *State*, 26 *Ga. App.* 750 (107 S. E. 274).

2. The condemnation clauses of the State prohibition act provide that a copy of the condemnation petition "shall be served upon the owner or lessee if known, and if the owner or lessee is unknown notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published." In the agreed statement of facts in this case it is stipulated that no "service of any notice" of the condemnation proceedings was made upon the plaintiff, and that he had "no actual notice" of the same. While the record does not show who was served with the condemnation petition, under the agreed facts the lack of "service of any notice" must be taken to mean a want of service by the publication provided by the statute, as well as of personal service. There can be no presumption against this plaintiff in favor of the judgment, to the extent that all necessary proof had been made in the proceeding to show knowledge upon his part of illegal use of the vehicle, where the statement of facts affirmatively shows that he was not a party to the proceeding and had neither service nor actual knowledge thereof. Consequently, the question does not arise as to whether a plaintiff owner can maintain trover against the purchaser at a condemnation sale without first directly setting aside the condemnation judgment, or whether he could set aside such a judgment in a case where there had been due publication of the notice provided by the act for the purpose of serving an unknown owner. But see *Lawless* v. *Orr*, 122 *Ga.* 276 (1) (50 S. E. 85); *McLennan* v. *Graham*, 106 *Ga.* 211 (32 S. E. 118); *Campbell* v. *Hutcheson*, 23 *Ga. App.* 111 (1) (97 S. E. 555); *Smith* v. *Spencer-Dowler Co.*, 24 *Ga. App.* 235, 236 (100 S. E. 651). In the instant case it is only necessary to hold that, it being the purpose of the prohibition act to protect owners, holders of reservations of title and lienholders, without knowledge of the unlawful use of their property and without any service or actual knowledge of condemnation proceedings, and it appearing that the plaintiff had neither such service nor knowledge, had done nothing to mislead the purchaser at the sale, and had a valid recorded instrument reserving title, the trial judge properly found for the plaintiff, and the superior court properly overruled the certiorari. *Shrouder* v. *Sweat*, 148 *Ga.* 378, 379, 380 (96 S. E. 881); *Whites* v. *State*, 23 *Ga. App.* 174 (98 S. E. 171). In *Martin* v. *English*, 23 *Ga. App.* 484 (98 S. E. 505), relied on by the defendant, it was merely held that trover could not be maintained against a sheriff while the property was being lawfully held by him pending determination of condemnation proceedings, because the property was then in custodia legis.

To the same effect is *Bernstein* v. *Higginbotham*, 148 *Ga.* 110, 112 (96
S. E. 1).          *Judgment affirmed. Stephens and Bell, JJ., concur.*
                    DECIDED NOVEMBER 27, 1923.

Certiorari; from Fulton superior court—Judge Humphries.
May 18, 1923.

*Walter A. Sims, J. E. Berman,* for plaintiff in error.
*Douglas & Douglas, W. C. Henson,* contra.