### 16062. COMMERCIAL TRUST CO. *v.* MOSS.

Where a vehicle in which intoxicating liquor is being illegally transported in this State is seized, and proceedings to condemn the vehicle are instituted under the provisions of section 20 of the act approved March 28, 1917, and it is made to appear that the owner or lessee of the vehicle is unknown, and service is perfected by publication as is provided for in the act, this service is as effective on the owner or lessee as if he were known and had been served personally.

DECIDED MARCH 3, 1925.

Trover; from city court of Fairburn—Judge Parker. November 3, 1924.

The agreed statement upon which the case was tried shows the following facts: Mason bought from Freeman a Ford-truck, and gave notes for a balance of the purchase-price, secured by a contract (duly recorded) in which title to the truck was reserved in Freeman, by whom the contract and the notes were transferred to Commercial Trust Company without recourse. Subsequently the truck was seized by the deputy sheriff of Campbell county, Georgia, "while it was being operated by unknown parties for the purpose of transporting intoxicating liquors over the public highways of Campbell county, Georgia, contrary to the laws of said State." A petition to condemn the truck was filed in the city court of Fairburn, and service was perfected by publication as provided by law. On the hearing of the case the judge passed an order condemning the truck, and at the sale under the order it was bought by Moss, "he being the highest and best bidder for cash." The Commercial Trust Company brought trover against him for the truck, and the court rendered judgment in favor of the defendant. The plaintiff excepted, contending that it had no notice or knowledge of the condemnation proceedings or of the unlawful use of the truck; that a true owner who has had no actual service or personal notice of any kind can not be deprived of his property by such proceedings: and that a purchaser at a sale under such a proceeding acquires only such title as the person had who was using the vehicle for illegal purposes.

*Erle Daley, C. W. Peebles,* for plaintiff.

*Lawrence S. Camp,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) The automobile in this case was seized, condemned, and sold under the provisions of section 20 of the act approved March 28, 1917 (Act 1917, Ex. Sess., p. 16; 11 Park's Code Supp. 1922, § 448 (oooo)). That in the condemnation proceedings this act was complied with is shown by the order of the judge, which is as follows: "This case having been submitted to the court for determination without the intervention of a jury, upon an agreed statement of facts, and after argument heard, it is the opinion of the court that, inasmuch as the statute providing for the condemnation of automobiles seized in the act of transporting liquor

by unknown parties was followed to the letter, and that notice of said condemnation proceedings was published, notifying all persons concerned of the pendency of such condemnation proceedings, the court holds: that, said service by publication having been perfected, the judgment of condemnation is conclusive upon the true owner of the automobile, whoever it may be, and, therefore, the court finds for defendant the costs of suit." As the owner or lessee of the automobile was unknown to the authorities of Campbell county, service was perfected by publication as provided for in said act. This service is as effective on the owner or lessee as if he were known and had been personally served, and the judgment is conclusive as to such owner or lessee. Civil Code (1910), § 5554 (3) ; *Smith* v. *Downing Co.,* 21 *Ga. App.* 741 (3) (95 S. E. 19).

The facts in the cases of *Smith* v. *Spencer-Dowler Co.,* 24 *Ga. App.* 235 (100 S. E. 651) , *Lummus* v. *Hopkins,* 31 *Ga. App.* 274 (120 S. E. 546), and others cited by counsel for the plaintiff, easily differentiate those cases from this case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*