*R. G. Plunkett*, for plaintiff in error.

*H. F. Strohecker*, contra.

---

15872.    CALHOUN, administrator, *v.* STATE OF GEORGIA.

JENKINS, P. J.    1.    "The proceeding authorized by section 20 of the act" providing for the condemnation of vehicles and conveyances used in the illegal transportation of intoxicating liquor (Act 1917, Ex. Sess., pp. 7, 16; Park's Ann. Code Supp., § 448 (oooo)), "is one in rem, 'against the offending thing, and not against the offending owner,'" and consequently survives the death of the owner, the right of the State to condemn in such a case being superior to the right of a personal representative of the deceased. *Mack* v. *Westbrook*, 148 *Ga.* 690 (2) (98 S. E. 339); *Harwood* v. *State*, 29 *Ga. App.* 464, 465 (116 S. E. 211).

2.    The act in question provides that "the solicitor of the county, city, or superior court, having jurisdiction" shall, within "ten days from the time he receives" notice from the officer seizing the property, "institute condemnation proceedings," and that a copy of the petition shall be "served upon the owner or lessee if known, and if the owner or lessee is unknown, notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published." The act further provides, that, "if no defense is filed within thirty days from the filing of the petition, judgment by default shall be entered by the court at chambers, otherwise the case shall proceed as other civil cases in said court." The latter provision does not, however, render the proceeding invalid where such service is not perfected within thirty days from the filing of the condemnation proceeding, but its effect is only to empower the State, after such service, to take a default judgment; and where the service has not been made within such time, the case should proceed, and service in the manner provided should be perfected, as in other civil cases. See

*Fletcher* v. *State,* 24 *Ga. App.* 266 (100 S. E. 718); *Griffin* v. *Smith,* 23 *Ga. App.* 750 (99 S. E. 386). Where, therefore, as in the instant case, the owner driving the car was killed at the time of seizure, and a proper petition for condemnation was filed in due time, and the State did not attempt to take a default judgment, or to proceed otherwise in the action until personal service had been perfected upon the administrator of the estate, the subsequent trial was not invalid because the State had not previously attempted service upon other possible known or unknown owners pending the vesting of title in the administrator. See also *Lummus* v. *Hopkins,* 31 *Ga. App.* 274, 275 (120 S. E. 546).

3. The trial court did not err, under the agreed facts, in entering a judgment of condemnation against the property.

Judgment affirmed. Stephens and Bell, JJ., concur.

Decided April 18, 1925.

Confiscation; from city court of Savannah—Judge Freeman. July 18, 1924.

*Robert L. Colding,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.