29545. MERRIMAC MUTUAL FIRE INSURANCE
COMPANY *v.* VAUGHN.

DECIDED OCTOBER 3, 1942.

*J. Lon Duckworth, Davis & Stephens,* for plaintiff.
*Hope D. Stark,* for defendant.

BROYLES, C. J. On November 4, 1940, the Merrimac Mutual Fire Insurance Company (herein referred to as plaintiff) instituted trover proceedings in the city court of Jefferson against Joe Vaughn (herein referred to as defendant) to recover a certain automobile. The judge, acting without the intervention of a jury, rendered a judgment in favor of the defendant. The court overruled the plaintiff's motion for new trial and to that judgment the plaintiff excepted.

The record discloses that the automobile in question was owned by E. J. Newmeyer and was stolen from him on June 16, 1940; that he carried theft insurance on the car with the plaintiff, and that in adjusting his loss with the insurer he transferred his title to the automobile to it; that on June 28, 1940, proceedings were begun under the Code, § 58-207 (Ga. L. Ex. Sess. 1917, p. 16; Ga. L. 1924, p. 198), to condemn the car on the ground that it was transporting whisky on a public highway of this State; that the petition alleged that the owner of the automobile was unknown and the court ordered that notice of the petition and order be published once a week for two weeks in the newspaper in which the sheriff's advertisements were published; that after such

publication was had, and after more than 30 days had elapsed from the filing of the petition, the court ordered that the car be sold by the sheriff of Jackson County; that it was sold as ordered; that the defendant, Joe Vaughn, was the purchaser at said sale; and that Newmeyer did not know of said condemnation proceedings until some time after the sale and after the plaintiff had acquired title to the car.

The defendant contends that, having purchased the automobile at said sale, which was regular in every particular and in accordance with the terms of the statute, and no claim or defense having been interposed within 30 days from the filing of the petition, he acquired a perfectly valid title to the car. The plaintiff insists that since the car was stolen the thief never had title to it, and that the defendant got no better title at the sale than the thief had. The pertinent part of the Code, § 58-207, follows: "All vehicles and conveyances of every kind and description which are used on any of the public roads or private ways . . in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer who shall report the same, within 10 days after said seizure, to the solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made, whose duty it shall be within 10 days from the time he receives said notice to institute condemnation proceedings in said court by petition, a copy of which shall be served upon the owner or lessee, if known, and if the owner or lessee is unknown notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published. If no defense shall be filed within 30 days from the filing of the petition judgment by default shall be entered by the court at chambers, otherwise the case shall proceed as other civil cases in said court. Should it appear upon the trial of the case that said vehicle . . was so used with the knowledge of the owner or lessee the same shall be sold by order of the court after such advertisement as the court may direct."

We think this case is controlled by *Smith* v. *Spencer-Dowler Co.*, 24 *Ga. App.* 235 (100 S. E. 651). The only substantial difference between the *Smith* case and the one at bar is that the former was a bail and trover action brought to recover an auto-

mobile that was stolen in Tennessee and brought into Georgia, and that the action was brought by the original owner of the car and not by the "lessee." The record in the *Smith* case of file in the office of the clerk of this court discloses that the owner of the car was unknown and that service was effected by publication as in the instant case, and that the proceedings leading up to the sale, and the sale itself, were regular in every respect; also that no defense was filed "within 30 days from the filing of the petition." The headnote in the *Smith* case follows: "Sale of a stolen vehicle under condemnation proceedings based on its use in carrying intoxicating liquors, of which the owner was ignorant, did not divest his title to it." In the body of the decision the court said: "The thief obtained no title to the car and the purchaser at the sale got no better title than the possessor had at the time of its seizure." In support of this statement the court cited *Lawless* v. *Orr*, 122 *Ga.* 276 (50 S. E. 85); *Campbell* v. *Hutcheson*, 23 *Ga. App.* 111 (97 S. E. 555). The case of *Commercial Trust Co.* v. *Moss*, 33 *Ga. App.* 549 (126 S. E. 852), relied on by defendant in error, did not involve a stolen vehicle as does the case at bar, and we are satisfied that the statement in that case that the facts of the *Smith* case, supra, differentiate it from that case has reference mainly to the fact that the one involved stolen property and the other did not.

A special ground of the motion for new trial complains that, although the evidence showing the theft of the automobile was admitted without objection, the court, as shown by its judgment, refused to consider that evidence "for the reason that there was no allegation in the petition on which to base said evidence." To render the evidence admissible it was not necessary to allege in the petition that the car had been stolen. The evidence as to the theft was vitally material to the plaintiff's case, and the court erred in refusing to consider it. Denial of a new trial was error.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*