43974. TAYLOR v. STATE BANK OF JACKSONVILLE.

ARGUED OCTOBER 8, 1968—DECIDED JANUARY 16, 1969.

*E. Mullins Whisnant*, for appellant.

*Young & Dicus, Harry Dicus*, for appellee.

BELL, Presiding Judge. Section 1 of an Act of 1952 (Ga. L. 1952, p. 201; *Code Ann.* § 42-813.1) declares that all vehicles used in conveying or storing any narcotic drugs in violation of the Uniform Narcotic Drug Laws of the State are contraband. That section further provides for seizure and condemnation of the vehicle, for notice to the owner or lessee, for a hearing and for judgment by default if no defense is filed. Section 4 (*Code Ann.* § 42-813.4) permits intervention by any other party at interest.

It is not questioned that in the exercise of its police power a state may seize and condemn a vehicle used in violation of state laws regulating possession and transportation of narcotic drugs where the vehicle is so used by the owner or by another entrusted with it. The seizure and condemnation may be permitted by statute without regard to the innocence of parties having property interests in the vehicle. See Van Oster v. Kansas, 272 U. S. 465 (47 SC 133, 71 LE 354, 47 ALR 1044).

However, it is the purpose of the Georgia Act "to protect owners, holders of reservations of title and lienholders without knowledge of the unlawful use of their property and without any service or actual knowledge of condemnation proceedings." *Lummus v. Hopkins*, 31 Ga. App. 274 (2) (120 SE 546). Thus where a party having a property interest in the vehicle has had neither service nor knowledge and has done nothing to mislead the purchaser at the sale, he may maintain an action against the latter. Id.; cf., *Martin v. English*, 23 Ga. App. 484 (1) (98 SE 505). Ordinarily a property interest cannot be condemned without notice to the owner and an opportunity to be heard. *Harwood v. State*, 29 Ga. App. 464 (116 SE 211). But the con-

demnation here was not defective as to plaintiff's interest in the vehicle because of any insufficiency of notice pursuant to the statute.

The salient facts were similar in the case of *Commercial Trust Co. v. Moss,* 33 Ga. App. 549 (126 SE 852). Plaintiff there held a duly-recorded title-retention contract for the purchase price of a truck which was seized while transporting intoxicating liquors and thereafter condemned under Section 20 of an Act of 1917 (Ga. L. 1917, Ex. Sess., p. 16). As the owner or lessee of the truck was unknown to the condemning authorities the only notice of the proceeding was given by publication. It was held that this service was as effective on plaintiff as if plaintiff had been known and personally served. Thus this court held in effect that service by publication as prescribed by the Act of 1917 was sufficient as to a party at interest whose right in the property was not actually known to the condemning authorities though there was constructive notice of the interest. It follows that the question is irrelevant whether this plaintiff's security interest may have been perfected so as to provide constructive knowledge under provisions of the Motor Vehicle Certificate of Title Act (Ga. L. 1961, p. 68 as amended; *Code Ann.* § 68-421a). Even if this plaintiff's interest had been actually known to the condemning authorities, service by publication would have been proper, plaintiff being a nonresident and the proceeding being one in rem. In that event, the required service would have been under CPA § 4 (Code Ann. § 81A-104 (e) (1) (iii) ; Ga. L. 1967, pp. 226, 228) rather than under *Code Ann.* § 42-813.1.

The cases of *Smith v. Spencer-Dowler Co.,* 24 Ga. App. 235 (100 SE 651) and *Merrimac Mut. Fire Ins. Co. v. Vaughn,* 68 Ga. App. 84 (22 SE2d 188), which involved stolen vehicles, are distinguishable on their facts. Those cases did not hold that a condemnation proceeding is ineffective to divest the title of an innocent party who has *entrusted* the vehicle to another responsible for its seizure and who files no defense or intervention in the condemnation.

The trial court erred in granting summary judgment for plaintiff and in denying summary judgment for defendant.

*Judgment reversed. Hall and Quillian, JJ., concur.*