*G. F. Kelley,* for plaintiff in error.

---

## 9915.  ARMINGTON & SONS *v.* STATE OF GEORGIA.

In a statutory proceeding to condemn a vehicle illegally employed in the transportation of intoxicating liquors, where the owner of the vehicle had conditionally sold it to the party engaged in the illegal transaction, but under the terms of the contract had reserved title in himself until

full payment of the purchase-price should be made, the mere fact that the contract had not been recorded would not defeat the seller's claim of title under his reservation. Moreover, in this case, a careful examination of the record fails to disclose sufficient evidence to authorize the judgment rendered by the trial judge, who by agreement heard the case without the intervention of a jury; since the proof failed to show that the automobile was at the time of seizure being used for the purpose and in the manner prohibited by the statute, as alleged in the petition to condemn.

DECIDED JULY 17, 1917.

Condemnation under liquor law; from city court of Macon— Judge Guerry. May 25, 1918.

On May 4, 1918, a police officer of the city of Macon seized a Buick automobile which contained 150 or 175 pints of whisky. At the time of the seizure it was near a vacant house, and not upon a public highway. No one was in possession of the automobile, nor had the officer seen any one driving it, but he had noticed its tracks leading from a public highway to the place where it was found. After seizing it the officer reported the fact to the solicitor of the city court of Macon, and on May 7, 1918, condemnation proceedings were instituted in that court under the provisions of section 20 of the act of 1917 (Acts 1917, Ex. Sess., p. 16). The identity of the owner not being known, advertisement was made pursuant to the statute. On May 13, 1918, H. T. Armington & Sons, a business concern of Jacksonville, Fla. (whether a corporation or partnership is not disclosed), interposed an intervention wherein they set up that on January 31, 1918, they had in Duval county, Florida, sold the automobile and delivered possession thereof to one J. B. Bryant, taking from him a conditional-sale contract wherein title to the automobile was retained in them until payment of the full purchase-price by Bryant; that there remained unpaid the sum of $568.13, and that any use of the automobile in violation of the law was without their knowledge or consent. On the trial the officer who made the seizure testified: "I am a police officer of the city of Macon, and as such have power and authority to make arrests. On the 4th day of May, 1918, I seized the automobile in controversy in this county. I guess there must have been between 150 and 175 pints of whisky in it, contained in pint bottles. Nobody was in possession of the automobile. I do not know who had been in possession of it. The whisky was in the back of the automobile. . . I have

seen a man named J. B. Bryant in possession of this automobile at occasional intervals for the past 3 or 4 months. . . When I seized the automobile it was not on a public highway of this State, but was close to a vacant house. I could see the tracks of the automobile going from the public highway to where the automobile stopped. I did not see the automobile when it was driven there, and do not know how long it had been standing there." Another witness for the State testified that he had examined the automobile, and that it was worth $1,000. H. R. Howell testified that he was sales manager for H. T. Armington & Sons, and was familiar with the transaction in which the automobile was sold by them to Bryant under a title-retention contract, upon which his name appeared as a witness; that he conducted the sale on January 31, 1918, that since that time he had had charge of collecting the installments due under the contract, and that the credits entered upon the back thereof represented the payments received by him, and there was a balance due of $568.13 under the contract; that H. T. Armington & Sons had no knowledge that any one was using or had used the automobile for violating the prohibition law of the State of Georgia, or for transporting whisky or any intoxicating beverage, contrary to the laws of Georgia, and did not know that the automobile had ever been carried from Duval county, Florida, in violation of the terms of the contract of purchase; that if Bryant or anyone else used the automobile for that purpose, or carried it out of Duval county, Florida, it was without the knowledge or consent of the respondents. The respondents then introduced in evidence the title-retention contract (which, however, had never been recorded), whereby H. T. Armington & Sons retained title to the automobile in controversy until payment of the full purchase-price by Bryant.

The judge of the city court, who tried the case without a jury, found in favor of the State, and entered up the following judgment: "The court having found for the State, it is considered and adjudged that the claim of title [to] one six Buick automobile, Motor No. 162135, by the respondents, Armington & Sons, be and the same is hereby denied and disallowed, and that the State may further proceed as in such cases provided by law." To the verdict and judgment thus rendered, Armington & Sons excepted, upon the grounds that "said verdict and judgment is

contrary to law, contrary to evidence, and without any evidence to support it."

*Walter DeFore, James C. Estes,* for plaintiff in error.

*Will Gunn, solicitor,* contra.

JENKINS, J. (After stating the foregoing facts.) The respondents claimed title to the automobile in controversy under a title-retention contract executed· in the State of Florida, which had never been recorded; and set up in their intervention that under the statutes of Florida it was not necessary that such a contract be recorded in order to be valid as against all parties. Such seems to be the law of Florida, for the Supreme Court of that State, in Campbell Co. *v.* Walker, 22 Fla. 412 (1 So. 59), held as follows: "1. An agreement in writing to sell personal property, the title to which is reserved by the seller until the purchase-money is paid by the buyer, is a conditional sale, and does not vest title in the buyer until the performance of the condition, to wit, the payment of the purchase-money, notwithstanding that at the time of making said agreement possession of the property is delivered by the seller to the purchaser. 2. Neither the act of the legislature of January 30, 1838, nor of January 8, 1853 (McClell. Dig. p. 765, §§ 1, 2), requires such an instrument to be recorded. . . 4. An agreement such as is described in the first headnote is valid as against subsequent creditors and bona fide purchasers for valuable consideration without notice." That case was cited and followed in American Process Co. *v.* Florida White Pressed Brick Co., 56 Fla. 116 (47 Sou. 942, 16 Ann. Cas. 1054). And in Georgia the fact that such a title-retention contract has not been recorded will not defeat the claim of title based thereon by a respondent in a proceeding of this sort. See *Shrouder* v. *Sweat,* 148 *Ga.* 378 (96 S. E. 881); *Whites* v. *State,* 23 *Ga. App.* 174 (98 S. E. 171). The trial court therefore erred in finding and adjudging that the claim of title of the respondent in this case to the automobile in controversy be "denied and disallowed."

Furthermore, the petition to condemn alleges that the automobile in question was "a vehicle and conveyance used on the public roads and private ways of said State, in said county, and at the time said automobile was seized said automobile was being used in conveying between 150 and 175 pints of whisky, contained in pint bottles, said whisky being liquors and beverages the sale

and possession of which is prohibited by law." The portion of section 20 of the act of 1917 material to a consideration of this case is as follows: "All vehicles and conveyances of every kind and description which are used on any of the public roads or private ways of this State . . . in conveying any liquors or beverages, the sale or possession of which is prohibited by law, shall be seized by any sheriff or other arresting officer, who shall report the same to the solicitor of the county, city or superior court having jurisdiction in the county where the seizure was made, whose duty it shall be within ten days from the time he received said notice to institute condemnation proceedings in said court by petition, a copy of which shall be served upon the owner or lessee if known, and if the owner or lessee is unknown, notice of such proceedings shall be published once a week for two weeks in the newspaper in which the sheriff's advertisements are published. If no defense is filed within thirty days from the filing of the petition, judgment by default shall be entered by the court at chambers, otherwise the case shall proceed as other civil cases in said court. Should it appear upon the trial of the case that said vehicle, conveyance, boat or vessel was so used with the knowledge of the owner or lessee, the same shall be sold by order of the court after such advertisement as the court may direct."

In our opinion it is altogether possible that the vehicle had been, and even more probably would soon have been, used in an illegal manner upon the highways of this State; but the statute, being summary in its nature, must be strictly construed (*Phillips* v. *Stapleton*, 23 *Ga. App.* 303, 97 S. E. 885); and after a careful examination of the evidence we are of the opinion that the evidence as we find it is legally insufficient to authorize the judgment rendered, and that it failed to show that the automobile had been or was being used upon the highways for the purpose and in the manner prohibited by the statute. The sum total of the evidence of the officer who made the seizure is to the effect that the automobile, when found, was not upon a public highway or a private way, but near a vacant house, and that he had not seen when or by whom it had been placed there, but that when thus found it contained between 150 and 175 pints of whisky. Thus, it was not shown that the automobile was "used" on any of the "public roads or private ways" of this State "in conveying" any of the

prohibited liquors. While the officer did testify that he saw where the tracks of the automobile led from a public highway to the place where it was found near a vacant house, it is not shown that while on the public highway it contained the whisky found therein. It is just as reasonable to presume that it did not, and that it was brought there for the purpose of receiving the whisky at that point, to be later conveyed to some other point. If so, the seizure was premature. The verdict and judgment, being thus without evidence to support it, is contrary to law.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*