## 9792

### SEIGNIOUS v. LIMEHOUSE, SHERIFF.

#### (93 S. E. 193.)

INTOXICATING LIQUORS — ILLEGAL TRANSPORTATION — CONFISCATION OF AUTOMOBILE—RIGHTS OF MORTGAGEE.—Where the mortgagee did not have knowledge of or consent to the use of the automobile by the mortgagor for the illegal transportation of liquor, his interest could not be confiscated.

Before SEASE, J. Monck's Corner, April, 1917. Reversed.

Action by George W. Seignious against O. B. Limehouse, as Sheriff of Dorchester County. Judgment for defendant, and plaintiff appeals.

*Messrs. Logan & Grace,* for appellant, cite: Crim. Code, sec. 823; Const., art. I, sec. 5; 14th Am. Fed. Const., sec. 1; Cooley Const. Lim. 243; 19 Cyc. 1359; 100 S. C. 246. *Title to mortgaged property:* 20 S. C. 20. *Forfeiture:* 73 S. C. 140; 1 Bay 93; Ann. Cas. 1915d, 549; 126 Minn. 78; 147 N. W. 951.

*Messrs. Wolfe & Berry* and *M. S. Connor,* for respondent, cite: Crim. Code, sec. 823; 73 S. C. 438; 53 S. C. 281. *Rights of mortgagee:* 106 S. C. 367.

---

FOOTNOTE.—As to the forfeiture of rights or interests of innocent persons in property used in violation of law, see cases of *Mongin* v. *Baker,* 1 S. C. L. (Bay) 73; *Wells* v. *Martin,* 2 S. C. L. (2 Bay) 20, and notes in L. R. A. 1916e, pp. 343 to 355.

August 11, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action in claim and delivery for the recovery of an automobile, brought by the plaintiff-appellant, who has, it is admitted, a valid mortgage on said automobile, against the sheriff of Dorchester county, who seized and confiscated said automobile, while in the possession of John Bulwinkle, the mortgagor, who owned the same, subject to the mortgage of plaintiff-appellant, on the alleged ground that Bulwinkle was transporting contraband liquor in the nighttime. The mortgage was executed and delivered to Seignious on August 29, 1916, and was payable in installments. The first installment was due and payable on October 29, 1916. The seizure was made by the sheriff on October 9, 1916, while in the possession of Bulwinkle, the owner, loaded with a quantity of liquor alleged to have been contraband. After seizure, advertisement, and sale by the sheriff, and certain legal proceedings, the cause finally came up before his Honor, Judge Sease, for determination of the issues involved, upon an agreed statement of facts between the parties. Judge Sease, after a full hearing and argument, found in favor of the defendant, and after due entry of judgment plaintiff appeals, and by five exceptions imputes error and asks reversal.

We will consider the exceptions that raise the questions that the mortgage was breached by the unlawful act of the owner, Bulwinkle, and such title thereby vested in plaintiff-appellant as could not be confiscated, and that the car could not be confiscated, as against the mortgagee, plaintiff-appellant, either before or after breach or maturity, unless the mortgagee was negligent, or connived with owner in respect to the unlawful act. These exceptions must be sustained under the agreed statement of facts upon which cause was

heard by Judge Sease.   The case is identical in fact with that of *Moody* v. *McKinney,* 73 S. C. 438, 53 S. E. 543, and parties to the agreement must have had that case in view when they prepared the agreed state of facts.   The sheriff could only confiscate what right, title and interest the owner, Bulwinkle, had in the property seized.   The plaintiff's mortgage, although not due, was breached when the owner did such an unlawful act as made it liable for seizure and confiscation, and after seizure plaintiff had the right to assert his claim thereto instantly.   When the sheriff seized the property for the unlawful act of Bulwinkle, Seignious' mortgage became breached, and the title vested in him as owner to such an extent as to entitle him to protection as owner, inasmuch as Seignious, under the undisputed facts of the case, was entirely innocent of any knowledge of the wrongdoing of Bulwinkle, and did not in any manner participate in, consent to, or have knowledge of the wrongful act of Bulwinkle, and there is no evidence that there was any negligence on the part of Seignious in permitting the property to be illegally used by Bulwinkle.

The whole evidence in the case shows Seignious to be absolutely innocent and free even from any suspicion that he knew or should have known that Bulwinkle was a violator of law in the use of the automobile.   There is no proof in the case whereby it could be inferred other than that Seignious was entirely innocent of the wrongful act of Bulwinkle, and that Seignious in no way, directly or indirectly, consented to or assented to the wrongful act and violation of law on the part of Bulwinkle.   The State could confiscate the interest of Bulwinkle, but not that of Seignious, under the facts of this case.   As an innocent mortgagee, Seignious is entitled to protection.

Judgment reversed.