*Hardeman, Jones, Park & Johnston* and *Howard E. Coates,* for defendant.

## SHROUDER *v.* SWEAT, sheriff, *et al.*

Where an automobile was sold on credit to one who gave his note for the purchase-price, securing it by a mortgage upon the car, and where subsequently, before payment of the note, the purchaser being engaged in conveying intoxicating liquors in the car, a sheriff arrested and took him and the car into custody, and thereupon instituted proceedings to condemn the car under the provisions of section 20 of the act of the General Assembly of this State, passed at its extraordinary session of March 1917, relating to prohibition of intoxicating liquors, approved March 28, 1917 (pamphlet, p. 7), a court of equity, upon a petition for injunction brought by the holder of the mortgage, who did not participate in any way in the criminal enterprise of the purchaser, should have enjoined the condemnation proceeding until provision was made for application, after the final hearing, of the funds arising from the sale of the vehicle to the lien of the mortgage.

No. 693. SEPTEMBER 13, 1918.

Petition for injunction. Before Judge Summerall. Ware superior court. November 10, 1917.

*Parks & Reed, McDonald & Willingham,* and *Lankford & Moore,* for plaintiff.

*A. B. Spence* and *Parker & Parker,* for defendants.

BECK, P. J. The plaintiff, Shrouder, filed his petition against Sweat, the sheriff, Trowell, and others, alleging as follows: Petitioner sold to Trowell a certain automobile, for the purchase-price of which the purchaser executed his note and mortgage to secure the same for the sum of $250. Subsequently the car was seized by Sweat as sheriff, while Trowell was undertaking to transport a quantity of whisky in the car in violation of the statute. The car and Trowell were both taken into custody by the sheriff, who instituted proceedings to have the car condemned and sold under

the provisions of section 20 of the statute relative to the prohibition of intoxicating liquors, passed at the extraordinary session of the legislature of 1917, and approved on March 28, 1917. The petitioner did not participate in the criminal intent of Trowell, nor did he know of the purposes to which the car would be put when he sold it. Trowell is insolvent. Petitioner prayed for injunction, and for decree directing that if the car should be sold the fund received from the sale be applied to the payment of the mortgage held by petitioner, which was valid and unsatisfied. Upon the hearing the uncontradicted evidence sustained the material allegations of the petition; but the judge refused an interlocutory injunction.

We are of the opinion that the judge erred in so refusing. The condemnation proceedings should have been enjoined, and the status quo preserved until the final hearing, when a decree upon the facts as then shown could have been rendered. The petitioner was the vendor of the car, and had a valid mortgage thereon for the purchase-money. He had not participated in the criminal intent of the purchaser of the car, who was in possession thereof at the time it was seized while being used for the carrying out of the criminal enterprise whereby it was subject to seizure and confiscation. The vendor, the petitioner and the holder of the valid mortgage, could not intervene in the statutory proceeding instituted in the city court for the purpose of condemning the car and to procure an order for its sale. His only redress for the enforcement of a clear equitable right was through an equitable petition, such as he filed in this case. The mortgage had not been recorded, but that did not affect its validity. Unrecorded mortgages remain valid, but "are postponed to all other liens created or obtained, or purchases made prior to the actual record of the mortgage." Civil Code, § 3260. The provision of the section of the act of March 28, 1917, to which we have referred, and under the terms of which the condemnation proceedings were instituted, is penal in its nature. We do not think it was the intention of the legislature to divest and destroy liens held by innocent third parties. The fact that the mortgage in this case was unrecorded may be considered in connection with any other evidence, if it should be produced on the trial, tending to show that the holder of the lien participated in the criminal enterprise or intent of the purchaser of the car; and if it should be made to appear that the vendor did participate in

the criminal intent and enterprise, it may then be decided whether he has any standing in a court of equity. This question is novel in this State, but the principle has been decided elsewhere. In Seignious *v.* Limehouse, 107 S. C. 545 (93 S. E. 193), which was an action to recover an automobile, brought by a plaintiff who held a valid mortgage on the vehicle, against the sheriff who had seized and sought to confiscate the same while it was in the possession of the purchaser and mortgagor, who owned it subject to the mortgage, on the ground that the purchaser was transporting contraband liquors therein, it was decided by the Supreme Court of South Carolina that "Where the mortgagee did not have knowledge of or consent to the use of the automobile by the mortgagor for the illegal transportation of liquor, his interest could not be confiscated." And it was further said: "The whole evidence in the case shows Seignious to be absolutely innocent and free even from any suspicion that he knew or should have known that Bulwinkle was a violator of law in the use of the automobile. There is no proof in the case whereby it could be inferred other than that Seignious in no way, directly or indirectly, consented to or assented to the wrongful act and violation of law on the part of Bulwinkle. The State could confiscate the interest of Bulwinkle, but not that of Seignious, under the facts of this case. As an innocent mortgagee, Seignious is entitled to protection." Until the legislature makes some provision in cases like the present, whereby the rights of one who claims to have a valid mortgage upon the automobile or other vehicle about to be confiscated and condemned may be determined in the statutory proceedings, the doors of a court of equity should not be closed against such holder of a valid lien.

*Judgment reversed. All the Justices concur.*