BETTS, sheriff, *et al. v.* COMMERCIAL CREDIT COMPANY.

Where the real owner of an automobile is not served with a proceeding to condemn it for transporting whisky, he can obtain an injunction against its sale thereunder.

No. 5893. OCTOBER 14, 1927.

Injunction, etc. Before Judge Maddox. Floyd superior court. January 24, 1927.

Intoxicating Liquors, 33 C. J. p. 684, n. 43; p. 689, n. 22.

*Alec Harris,* for plaintiffs in error.

*Willingham, Wright & Covington,* contra.

HILL, J.   On November 21, 1926, a deputy sheriff of Floyd County arrested James Brookshire for having in his Ford car a suit case containing two one-gallon cans of corn whisky.   On the same date the solicitor of the city court instituted condemnation proceedings against the automobile.   A copy of the petition to condemn, and the order of the court, were served personally on Brookshire.   On December 22, 1926, no defense to the proceedings having been filed, judgment by default was entered, confiscating the automobile.   On December 29, 1926, a petition was filed in the city court by the solicitor, seeking an order to sell the car, because there was expense attached to keeping the same; and a copy of the notice of intention to apply for the order to sell the car was served personally on Brookshire.   On January 8, 1927, the Commercial Credit Company filed a petition for injunction against the sheriff and the solicitor, seeking to enjoin the sale of the car, alleging that at the time of the seizure the plaintiff was a bona fide holder of a note retaining title to the car as security for the purchase-price thereof, and that Brookshire owed to the plaintiff as such holder the balance due on the purchase-price, that it was an innocent holder thereof in good faith before maturity without notice, and in no wise knew or consented to the use of the automobile for the illegal purpose alleged.   No notice of the proceedings to condemn was served on the Commercial Credit Company.   The court granted a temporary injunction, and the sheriff and solicitor excepted.

Where an automobile is sought to be condemned and sold for transporting whisky, under section 20 of the act approved March 28, 1917 (Acts Ex. Sess. 1917, pp. 7, 16), without notice to any one except the person in possession of the automobile, the real owner of the automobile, who has not been served with notice of the condemnation proceedings, can have such sale enjoined against the sheriff and solicitor of the court seeking to sell the automobile; and the judge did not err, under the pleadings and the evidence, in granting a temporary injunction.   See, in this connection, *Shrouder* v. *Sweat,* 148 *Ga.* 378 (96 S. E. 881); *Valdosta Motor Co.* v. *Studstill,* 148 *Ga.* 698 (98 S. E. 262); *Mays* v. *Curry,* 150

*Ga.* 290 (103 S. E. 458); *Lummus* v. *Hopkins,* 31 *Ga. App.* 274 (120 S. E. 546).

*Judgment affirmed. All the Justices concur, except Gilbert, J., who dissents.*