## 12872

### WARD v. GREER, SHERIFF

(152 S. E., 678)

January, 1930.

*Mr. John K. Hamblin,* for appellant,

*Mr. Olin D. Johnston,* for respondent, 

March 26, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

The appellant, J. C. Greer, sheriff of Union County, seized an' automobile that was being used by Eddie Jenkins in the transportation of alcoholic liquors, in violation of the laws of this State. The respondent sought to recover the seized automobile by virtue of an unpaid chattel mortgage, executed by Jenkins prior to the seizure by the sheriff, which mortgage was not properly recorded until after the seizure.

The parties agreed upon the facts of the case, and submitted the legal issue involved to his Honor, Circuit Judge Ramage, presiding in the Court of Common Pleas for Union County, who decided in favor of the respondent mortgagee. The sheriff has appealed from the order of the Circuit Judge.

The agreed statement of facts contains this statement: "That the innocent mortgagee was ignorant of the illegal use to which the car was put, and that such illegal use was without his connivance or consent, expressed or implied."

The automobile was seized and held by the sheriff under the authority of the provisions of Section 885 of Volume 2 of the Code of 1922. That section provides for the forfeiture of an automobile "used in the illegal transportation of alcoholic liquors. . . . if so used with the knowledge or consent of the owner thereof or of the agent or servant of such owner in charge of such vehicle. . . ."

A section of the old "Dispensary Law," quite similar to the statute under consideration here, was considered in *Moody v. McKinney,* 73 S. C., 438, 53 S. E., 543. There the Court held that a horse, buggy, and harness, belonging to a person who had not consented for his property to be used in

the transportation of contraband liquors, were not subject to confiscation.

Following the *Moody case,* it was later decided that where the mortgagee did not have knowledge of, or consent to, the use of the mortgaged automobile by the mortgagor for the illegal transportation of liquor, the interest of the mortgagee in the mortgaged property could not be confiscated. *Siegnious v. Limehouse,* 107 S. C., 545, 93 S. E., 193, 194.

The appellant contends, however, that the two cases last cited, and especially the *Seignious case,* are not applicable here, for the reason that the mortgage of the respondent was not recorded prior to the seizure, and that the appellant stands in the same position of a purchaser for value without notice of the unrecorded mortgage.

Section 885 of the Criminal Code, under consideration, is a penal statute, and we must construe it strictly. *State v. Lewis,* 141 S. C., 207, 139 S. E., 386; *City of Anderson v. Fant,* 96 S. C., 5, 79 S. E., 641; *Mongin v. Baker,* 1 S. C. L. (Bay), 73; *Wells v. Martin,* 2 S. C. L. (2 Bay), 20. Under its provisions, a vehicle is not forfeited if used in illegal transportation of alcoholic liquors, unless it is so used *with the knowledge or consent of the owner.* The *Seignious case* has rightly given an innocent mortgagee the same protection afforded an innocent owner.

It does not appear in the opinion of Mr. Justice Watts (now Cheif Justice), who spoke for the Court in the *Seignious case,* whether or not the mortgage there set up was recorded prior to the seizure of the property. The Court's decision did not rest on the fact that the mortgage was recorded prior to the seizure. It was founded entirely upon the principle that the mortgagee was "absolutely innocent and free even from any suspicion that he knew or should have known that Bulwinkle (the mortgagor) was a violator of law in the use of the automobile." The concluding sen-

tence of the opinion was this "As an innocent mortgagee, Seignious is entitled to protection."

While the cases cited have not decided the precise point at issue here, we regard them as strongly supporting the holding of the Circuit Judge.

In the absence of a conclusive decision by our own Court, we look for light to the decisions in other jurisdictions. The identical question raised in this case was decided, as we regard it, absolutely contrary to the appellant's contention, by the Supreme Court of North Carolina in the case of *South Georgia Motor Co. v. Jackson,* 84 N. C., 328, 114 S. E., 478, 479. In that case, where the mortgage was not recorded, it was said by the Court: "Besides, the statutes providing for the registration of mortgages are intended primarily to protect creditors and purchasers and not to attach to the instrument additional efficacy as between the mortgagor and mortgagee."

A memorandum decision of the Court of Appeals of Georgia also seems to be in line with the holding of the North Carolina Supreme Court referred to. *A. S. Hatcher Co. v. Foster,* 24 Ga. App., 430, 101 S. E., 299.

Seemingly in line with these two decisions is the holding of the Supreme Court of Appeals of West Virginia in *State v. Hall,* 91 W. Va., 648, 114 S. E., 250; and the decision of the Supreme Court of Alabama in *State v. Crosswhite,* 203 Ala., 586, 84 So., 813.

A case construing the National Prohibition Act (27 USCA) with reference to the seizure of an automobile used in the transportation of alcoholic liquors, where the automobile was covered by a conditional sales agreement, is that of *U. S. v. Sylvester* (D. C.), 273 F., 253. It does not positively appear that the conditional sales agreement was recorded prior to the seizure, but we assume that it was. The District Judge, who decided that case, was of the opinion that it was the intention of the Congress to protect innocent vendors or mortgagees as far as possible.

It would seem from the decisions to which we have referred, that the rights of owners and mortgagees of property, used in the unlawful transportation of alcoholic liquors, are fixed by statute. The decisions therefore must be read and construed with reference to the respective statutes under consideration. In Corpus Juris, where many decisions pertaining to this subject generally are collated, the general principles are stated as follows: Under some of such statutes owners, lessees, mortgagors or other lienors, and conditional sellers of vehicles or conveyances which have been used for the illegal transportation of intoxicants, who were without fault as to, or who did not know of or consent to, such use, will be protected to the extent of their rights in such vehicles or conveyances. Under other statutes, the interest of an innocent mortgagee or lienor or conditional seller is not preserved from condemnation and forfeiture. And under some statutes the innocence of the owner of the vehicle or conveyances of any knowledge of the illegal use to which it is being put is no defense, the test of liability being the guilty knowledge of the person in charge of such vehicle or conveyance. And it has been held that, in view of the facility with which liquor may be transported in automobiles, the forfeitures provided by statute should be strictly enforced, unless the owner did not knowingly part with either the custody or possession of an automobile." 33 C. J., 670.

So after all, the correct determination of the question before us depends upon the construction of our own statute.

In the absence of statute, the filing, record, or registration of a chattel mortgage is not essential to the validity of the instrument as between the parties. 11 C. J., 511. In our statute (Section 885, *supra*), there is nothing which requires the holder of a chattel mortgage on a vehicle to record the same in order to receive the protection allowed a mortgagee under the law.

Under our own decisions, to which we have called attention, as well as many from other jurisdictions, the test of the right of a mortgagee under our statute, is his guilt or innocence in the use of the vehicle or automobile for the unlawful purpose of transporting alcoholic liquors. It is admitted here that the mortgagee was entirely innocent of any wrong. The respondent therefore has met the required test.

It is argued with force that a decision favorable to the respondent will make it easy for a violator of the prohibition law to save his vehicle from confiscation by incumbering it with an unrecorded chattel mortgage. Such collusion between the law violator and the holder of the chattel mortgage is possible, we admit. That, however, is a matter for the consideration of the lawmaking body. We are bound by the statute as it is written. The argument as to possible collusion is not of force in this case, however, since the appellant has admitted the complete innocence of the mortgagee.

There seems to be no question in this case as to any interest Jenkins, the alleged violator of the law, may have in the seized automobile. We judge from the record that the car is not worth more than the amount due to the mortgagee. If the car is worth enough to take care of the mortgagee's claim and leave some interest to Jenkins, the mortgagor, that interest might be subject to forfeiture. But we are not required to pass upon that, as the question is not properly before us.

The judgment of this Court is that the judgment below be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.