12963

MANUFACTURERS FINANCE ACCEPTANCE CORPORATION
v. BRAMLETT, SHERIFF

(154 S. E., 410)

Mr. *James H. Price,* for appellant,

Mr. *W. B. McGowan,* for respondent,

August 15, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

In his efforts to enforce the laws forbidding the sale and transportation of alcoholic liquors, Sheriff Bramlett, of Greenville County, seized an automobile, owned by, and in the possession of one W. H. Brown, who was using the vehicle in the unlawful transportation of whisky. The respondent, claiming to be the owner and holder of a chattel mortgage on the automobile, brought suit in claim and delivery to recover the property.

The case was tried and decided by his Honor, County Judge M. F. Ansel, in the County Court of Greenville County on the following agreed statement of facts:

"W. H. Brown, on April 12, 1929, purchased from W. M. Thompson, Inc., of Greenville, a new Ford roadster, and executed purchase money notes and a mortgage thereon to secure the payment of the purchase price. Immediately this

mortgage was assigned to the plaintiff, who had no notice that Brown was a violator of the liquor law, and for the purposes of this case was an innocent purchaser. On May 21, 1929, Brown was arrested by the Sheriff while transporting liquor in the car. The Sheriff arrested him three times within two weeks for violating the liquor laws, once before the seizure and once after, but no arrests had been made before the execution of the plaintiff's mortgage.

"The case is submitted to Judge Ansel upon the sole issue of whether or not an innocent holder of a chattel mortgage is protected under Section 885 of the Criminal Code of 1922 (Vol. 2)."

Upon the authority of the holdings in *Seignious v. Limehouse,* 107 S. C., 545, 93 S. E., 193, the County Judge rendered judgment against Sheriff Bramlett, the appellant, in favor of the respondent for the possession of the automobile.

On the theory that the principles announced in the *Seignious case* were not applicable to the facts of this case, the appeal here was taken. Before the case reached us, we handed down the opinion in *Ward v. Greer, Sheriff,* 155 S. C., 426, 152 S. E., 678. The appellant's attorney, conceding that the conclusions there reached supported the holding of the County Judge in the case at bar, asked and received our permission to review that case, wherein the following principle was announced:

"Unpaid mortgagee without knowledge that automobile was being used in transportation of liquors was entitled to recover car after seizure by Sheriff (Cr. Code, 1922, § 885)." Syllabus.

The appellant calls our attention to the decision of this Court in *Merchants' & Planters' Bank v. Brigman,* 106 S. C., 362, 91 S. E., 332, 334, L. R. A., 1917-E, 925, which related to the attachment of a motor vehicle for damages done to personal property upon a public highway, as provided for in Section 5706, Volume 3, Code of 1922. In that case, it was decided that one who sustains personal injury or

property damage from the illegal or negligent operation of a motor vehicle had a claim against such motor vehicle superior to that of any other person, except the State and county, even a holder of a mortgage covering the vehicle. In the opinion, the present Chief Justice, speaking for the Court, used this language:

"The mortgage in this case was given on August 8, 1914, and the Act of the Legislature was passed in 1912; the plaintiff took the mortgage with full knowledge of the Act in question. It was a public Act, and, being such, was notice to the world. The Act of the Legislature put the whole world on notice that it intended to make the claim of the injured one against the machine inflicting the injury superior to that of any other person who asserts a lien or claim to it, and that the claim could be enforced, not against the owner of the machine, but against the machine itself. It does not make any difference whether the owner consented or not."

The argument is that, in the case at bar, the respondent purchased the mortgage over the automobile in question with full knowledge of the force and effect of Section 885 of the Criminal Code, and it cannot in any way claim that it is an innocent *bona fide* holder without notice. And it is said that the decision in the *Brigman case* is applicable here, and under that authority, it seems to be the position that our conclusion in the *Ward case* was erroneous.

It is our opinion that the question here, which was the identical question in the *Ward case,* is altogether different from the question decided in the *Brigman case*. The statute referred to in the *Brigman case* (Section 5706, Volume 3, Code of 1922) expressly provides that the party injured by the negligent operation of a motor vehicle on a public highway shall have a lien on the vehicle *"next in priority to the lien for State and county taxes upon such motor vehicle. * * *"* As the Court well said in *Brigman's case,* the mortgagee took the mortgage with full knowledge that the General Assembly had passed that statute. The mortgagee knew when

he took the mortgage that the motor vehicle was likely to be the cause of damage to some person or to some property; he knew that if such damage took place, the machine would be liable if it had been operated negligently. He therefore took the risk as to what might happen when he took the mortgage.

The language of Section 885 of the Criminal Code, Volume 2, Code of 1922, relating to the forfeiture of vehicles used in the illegal transportation of alcoholic liquors, is quite different from Section 5706 of Volume 3 of the Code relating to the attachment of motor vehicles. By the terms of Section 885, vehicles are to be forfeited when "used in the illegal transportation of alcoholic liquors  *  *  *  and if so used with the knowledge or consent of the owner thereof or of the agent or servant of such owner in charge of such vehicle.  *  *  * "

In the law providing for the attachment of an automobile because of its negligent operation, there is no provision to the effect that the machine may be attached *only* when the negligent operation has been occasioned by the *consent of the actual owner or mortgagee of the machine*. In the law as to the confiscation of an automobile engaged in the illegal transportation of alcoholic liquors, it is expressly provided that there shall be no confiscation, unless the vehicle has been used for the illegal purpose *"with the knowledge or consent of the owner thereof or of the agent* or servant of such owner in charge of such vehicle.  *  .*  * " The General Assembly, as it had the right to do, seems to have made quite a distinction, and, in all likelihood, purposely so, in writing the two enactments.

The mortgagee in this case is in a different position from that occupied by the mortgagee in the *Brigman case*. In that case, the mortgagee, as stated by the Court, had full knowledge of the passage of the Act which permitted the automobile to be attached under a lien superior to the lien of his mortgage. In the case at bar, the mortgagee was presumed

to have knowledge of the law that the automobile covered by its mortgage could not be confiscated unless it consented through one of its agents, for the automobile to be used in the illegal business of transporting alcoholic liquors, or unless one of its agents had, at least, knowledge of such use or intended use. The mortgagee here, too, was presumed to have known of the decision of this Court in the *Seignious case,* which gave an innocent mortgagee the same protection accorded to an innocent owner of an automobile whose machine was used without his consent for the transportation of whisky.

Basing the holding on the conclusions reached in the *Seignious case,* and on the authority of *Moody v. McKinney,* 73 S. C., 438, 53 S. E., 543, we said in *Ward v. Greer, supra,* "the test of the right of a mortgagee, under our statute, is his guilt or innocence in the use of the vehicle or automobile for the unlawful purpose of transporting alcoholic liquors."

There are many cases from other jurisdictions touching the question raised here. We do not think it necessary to review them. Many of them are collated in a well-written annotation beginning at page 1055 of 47 A. L. R. It is interesting to note some of the language used in that annotation, which is as follows:

"It may be stated generally that statutes providing for the forfeiture of all conveyances or vehicles used in the illegal transportation of intoxicating liquor either expressly provide for the protection of the property interests of innocent persons therein, or the Courts, with few exceptions, have construed the statutes as implying such protection. In this connection, however, it is to be noted that under the Kansas statute declaring automobiles used in the transportation of intoxicating liquors forfeitable as a common nuisance, it has been held that automobiles so used are subject to forfeiture without regard to the rights of innocent property interests therein.   *   *   *   While on the other hand, under the general terms of a South Carolina statute providing for

the forfeiture of vehicles used in the transportation of intoxicating liquors, and making no express provision for the protection of the property interests of innocent persons therein, the Court adopted what seems to be the more reasonable view, and held that the property of an innocent owner used in violation of the above statute was not subject to forfeiture. *Moody v. McKinney* (1906), 73 S. C., 438, 53 S. E., 543."

In *Ward v. Greer,* in line with what appears to be the view generally held, we said this:

"So, after all, the correct determination of the question before us depends upon the construction of our own statute."

Our statute has been construed favorably to the rights of the innocent mortgagee; and, except where the statutes construed by the Courts expressly refuse to give the innocent mortgagee such protection, that holding has been generally adopted by the Courts.

As indicated in *Ward v. Greer,* if the wording of the statute is to be changed, the power to do so rests with the lawmaking body. This Court cannot change it. We should not attempt to do so.

We are satisfied with the conclusion reached in *Ward v. Greer,* and reaffirm what we there held. It follows that the judgment rendered in this case is affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH concur.

MR. JUSTICE STABLER (concurring): I concur under the authority of *Ward v. Greer,* 152 S. C., 678.

MR. JUSTICE CARTER (concurring): I consider the case of *Seignious v. Limehouse,* 107 S. C., 546, 93 S. E., 193, and the case of *Ward v. Greer,* 155 S. C., 426, 152 S. E., 678, binding on the Court in the present case, and for that reason I concur. I desire to state that I concurred in the opinion in the case of *Ward v. Greer, supra,* on the authority of the case of *Seignious v. Limehouse,* but do not agree with the reasoning in those cases. I was not a member of the Court when the case of *Seignious v. Limehouse* was decided.