24907.   THOMPSON v. STATE OF GEORGIA et al.

JENKINS, P. J.   Acts merely preparatory to the commission of quasi-criminal acts such as, if completed, would subject an automobile to condemnation under the Code of 1933, § 58-207, are not sufficient to evoke the penalties of the statute.   *Groves* v. *State*, 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598) ; *Armington* v. *State*, 24 *Ga. App.* 75, 79-80 (100 S. E. 15) ; *Coffee* v. *State*, 39 *Ga. App.* 664 (148 S. E. 303).   Where in such a condemnation proceeding the only evidence as to any actual use of the automobile to convey alcoholic liquors was that it was standing still in a private way near a residence where forty-two gallons of whisky were seized, and two gallons of whisky were taken from the car, and that a person was seen "*approaching*" the car with another gallon of whisky, giving the effect to the only witness that "she was *taking more to the car*," this evidence being equally if not more indicative that the automobile was merely being prepared for use to transport the liquor than that it had been so used, the State did not meet the burden of showing that the statute had been violated.   The finding and judgment for condemnation being thus contrary to law, it was error to refuse a new trial.   *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1936.

*Price Edwards,* for plaintiff in error.
*Hal C. Hutchens, solicitor-general, S. W. Ragsdale,* contra.