31533.   CONSOLIDATED LOAN COMPANY *v.* STATE OF
GEORGIA.

DECIDED FEBRUARY 26, 1947.   REHEARING DENIED APRIL 1, 1947.

*A. J. Whitehurst,* for plaintiff in error.
*J. E. Craigmiles, Steve M. Watkins, Solicitors,* contra.

PARKER, J.   The Solicitor of the City Court of Thomasville brought a proceeding in that court in behalf of the State of Georgia for the condemnation of an automobile, alleged to have been used in the illegal transporting of liquors and beverages, under the provisions of the Code, § 58-207, as amended by the act approved February 1, 1946 (Ga. L. 1946, p. 96).   Consolidated Loan Company, a partnership, filed an intervention setting up that Sam Thompson, the alleged owner and person in possession of the automobile at the time it was seized, was not the owner thereof, but that the intervenor was the legal owner and holder of the title to the said automobile, as shown by a retention-of-title contract attached to and made a part of the intervention, and the prayer was that condemnation be denied.   Upon the hearing before the court, sitting as judge and jury, a judgment was rendered in favor of the intervenor for the amount of the debt with the interest thereon due by Thompson on the retention-of-title contract held by it.   The finding and judgment of the court was that the intervenor was

entitled to the money due on the contract and lien held by it, but that any equity in the automobile, held by Thompson, was subject to condemnation. The intervenor excepted to that judgment in the bill of exceptions brought to this court.

■ At the close of the evidence upon the hearing, the intervenor moved for a dismissal of the petition upon the ground that the evidence showed that the sheriff of the county was not the arresting officer who seized the automobile, and error is assigned upon the overruling of that motion. The petition for condemnation alleged that an officer with authority had seized the automobile being used for transporting intoxicants, and the evidence showed that two State patrolmen, agents of the Georgia Alcohol Tax and Control Unit, were the officers who made the seizure. We think that it is immaterial whether the automobile was seized by a State patrolman, or by the sheriff or some other duly authorized arresting officer, although the notice given to the solicitor recites that the automobile was seized by the sheriff. State patrolmen work in co-operation with the sheriffs of the various counties, and they were authorized to seize the automobile and report the same to the sheriff as the arresting officer of the county in which the seizure was made. The evidence also showed that the automobile was turned over to the sheriff, who gave the solicitor the required notice before the filing of the petition for condemnation. We think that this was sufficient and that the court properly refused to dismiss the proceeding on the ground stated.

■ The next contention of the intervenor is that the legal title to the automobile was not in Sam Thompson, the operator of the automobile at the time it was seized, but was in the intervenor under the retention-title contract held by it, and for this reason the automobile could not be condemned, where the evidence showed that the intervenor had no knowledge of the illegal transportation of the liquors and beverages in the automobile. The intervenor's contention is based upon the rulings of this court in *Seminole Securities Co.* v. *State,* 35 *Ga. App.* 723 (134 S. E. 625), and in *State of Georgia* v. *Industrial Acceptance Corp.,* 37 *Ga. App.* 253 (139 S. E. 577), and other cases holding that before a vehicle can be condemned the State must show that it was used in conveying the prohibited liquors or beverages with the knowledge of the owner or lessee. All of the cases relied on by the intervenor were decided

prior to the amending act of 1946, which seems to make clear that the State can condemn an equity, if any, in an automobile held by the operator thereof who illegally transports liquors and beverages therein, although the legal title to the automobile may be held by another. The amendment to the Code, § 58-207, which was approved on February 1, 1946, provides, in paragraph (g), in part as follows: "The holder of any bona fide lien on the property so seized shall be protected to the full extent of his lien, provided such holder shows that the illegal use of the property was without his knowledge, connivance or consent, express or implied." Regardless of what the rule may have been prior to this amendment, and we do not have to decide that question, we think that it was the intention of the legislature in amending the statute to protect bona fide lien holders without destroying the right of the State to condemn. We think that this construction is legally and morally correct. The judgment of the court in this case clearly protected the holder of the legal title by providing that it be paid in full all principal and interest due on its retention-title contract, and this was all that the intervenor could ask for or was entitled to receive under the law as we have constructed it. The judgment of condemnation was authorized by the evidence, the intervening party has not been hurt by the condemnation, and there was no error in the ruling of the court.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*