33265. STATE OF GEORGIA *v.* McREE.

DECIDED FEBRUARY 9, 1951.

*Hubert Calhoun, Solicitor-General, George R. Jacob,* for plaintiff.

*William A. Fort, Robert H. Jordan,* for defendant.

WORRILL, J. The Solicitor-General of the Chattahoochee Judicial Circuit filed a proceeding to condemn an automobile truck-tractor and trailer in the Superior Court of Talbot County, on the ground that the vehicles involved had been used in transporting and conveying over the highways of the said county intoxicating liquors which bore no State revenue stamps as required by law, said violation of the law alleged to have been done with the full knowledge of the owner of the said vehicle. To this proceeding Marshall L. McRee, alleging himself to be the holder of a certain chattel mortgage executed in South Carolina filed his intervention under oath and further alleged "that he was without any knowledge, express or implied, of the use said vehicle was engaged in at the time it was seized and that he does not have and did not have any knowledge that

said vehicle was to be used in any illegal manner whatsoever. That the only interest of your petitioner is to protect his lien and to protect his debt which is secured by said vehicle as aforesaid." A copy of the alleged chattel mortgage was attached as an exhibit to the intervention and showed that the mortgagor's mail address was Box 3091, Columbia, South Carolina, and began by reciting that "Lee E. Pennell of the County of *Richmond* in the State of South Carolina is indebted," etc., (italics ours), and it appears that the said instrument was filed for record "in the office of the Register of Deeds of Catawba County," and also entered in the proper indexes and duly recorded by the "Clerk of Court of Common Pleas and General Sessions for *Richland* County, S. C." (Italics ours.)

The solicitor-general filed a demurrer to the intervention on the grounds that no cause of action was set out, that the intervention showed that the intervenor had not complied with every essential element of the statute relating to interventions, and that the chattel mortgage attached as an exhibit to the petition of the intervenor was utterly void on its face. He also filed a motion to strike the intervention on the ground that no cause for intervention was shown by the intervenor in his petition. The intervenor by an unsworn amendment to his petition added the words "connivance or consent" so that the portion quoted above from the petition began, "that he was without any knowledge, connivance or consent, express or implied," etc. The trial court allowed the amendment and overruled the demurrers of the solicitor and also his motion to strike the intervention. To this order the solicitor excepted.

The acts of 1917 (Ga. L. 1917, Ex. Sess., p. 16), 1924 (Ga. L. 1924, p. 298), and 1946 (Ga. L. 1946, pp. 96, 99), as codified in Ga. Code, Ann. Supp., § 58-207, provided for the procedure to condemn automobiles and other vehicles found to be transporting intoxicating liquors in contravention of that chapter of the Code. Subsection (g) thereof (Code, Ann. Supp., § 58-207 (g)) provides that, "Any party at interest may appear, by answer under oath, and make defense; the owner or lessee shall be permitted to defend by showing that the property seized, if used illegally by another, this was done without the knowledge, connivance or consent, express or implied, of such owner

or lessee, and by showing also that the property seized, if a motor vehicle, was legally registered with the State Motor Vehicle Department in the true name and address of such owner, or his predecessor in title, unless the vehicle be a new vehicle bought from a dealer within 30 days of the time of seizure. *The holder of any bona fide lien on the property so seized shall be protected to the full extent of his lien: Provided such holder shows that the illegal use of the property was without his knowledge, connivance or consent, express or implied."* (Italics ours.)

■ It is first contended by the plaintiff in error that the act must be strictly construed, and that so construing it the provisions protecting the interests of a bona fide lienholder which require that such lienholder show that such illegal use was without his "knowledge, *connivance or consent,* express or implied," (italics ours), must be strictly adhered to and that the petition of the intervenor which fails to plead, in the first instance under oath in the exact language of the Code section, "knowledge, connivance or consent," fails to set forth grounds for arresting the proceedings, that a petition so worded amounts to nothing, and that consequently, there was nothing to amend by when the intervenor sought to add the words "connivance or consent" by amendment, and further that even if there was something by which the intervenor could amend, the filing of an amendment not under oath was wholly ineffectual to accomplish that purpose. Conceding that the rule as to strict construction of this Code section is correct and that it applies in the sense and with the result sought to be enforced by the solicitor in his argument *(Bowman* v. *Davis,* 51 *Ga. App.* 478 (3), 180 S. E. 917), nevertheless, we do not think that it requires the conclusion sought by the solicitor. The words "knowledge, connivance or consent" are used synonymously in the act. "Connivance" necessarily implies knowledge of the act on the part of the conniving party. "Connivance. An agreement or consent, indirectly given, that something unlawful shall be done by another." Bouvier's Law Dict. Webster's Collegiate Dictionary (5th ed.), says that in law *Connivance* means "Corrupt or guilty assent to wrongdoing, not involving actual participation in it, but knowledge of and failure to oppose it." While

we do not cite this latter work as authority for a legal proposition, it is clear that the common acceptation of the word and its common use bears the connotation of knowledge on the part of the conniving party, and we approve as sound and logical that definition of the word, and its use in that sense in the Code section under consideration seems to be beyond doubt. Such being the case, it was not necessary for the intervenor to allege both his lack of knowledge of the illegal use of the vehicle and also that such use was without his connivance or consent. If he did not know of the illegal use he could not have connived in or consented to such use. It follows that the failure to submit the amendment under oath was immaterial.

■ The plaintiff in error further contends that the failure of the intervenor to allege that the vehicle was legally registered with the State Motor Vehicle Department in the true name and address of the owner, subjected the petition to demurrer and dismissal. We think that a careful reading of subsection (g) of this Code section will show that the requirement as to showing proper registration of the vehicle applies only to the owner or lessee, and that the sole prerequisite as to a lienholder is that he show that such illegal use was without his knowledge or consent. While this question was not directly involved in *Consolidated Loan Co.* v. *State of Georgia*, 75 *Ga. App.* 77 (2) (41 S. E. 2d, 802), it was there said that "The law requires only that the holder of any bona fide lien, where the illegal use of the vehicle was without his knowledge or consent, shall be protected to the full extent of his lien." It is clear that the court in making that statement tacitly recognized that there is no requirement on a lienholder to show that the vehicle was properly registered before he can assert his claim to protect his interest in the property. The only reference to the rights and obligations of a lienholder found in the subsection are in the final sentence, and nothing is said therein about showing that the vehicle was properly registered.

■ The next contention of the plaintiff in error is that the mortgage shows on its face that it was not recorded in the county where the mortgagor resided at the time it was executed, and that it is therefore void and cannot be relied upon or asserted in this action. This contention stems from the fact

that it first recites that the mortgagor is a resident of *Richmond* County and then shows that the instrument was recorded in *Richland* County. Conceding that the record shows that the mortgage was recorded in a county other than the county of the residence of the mortgagor, and that there has been no proper recording of the instrument in accordance with the laws of South Carolina, these facts do not vitiate the instrument so far as this proceeding is concerned. The appellate courts of this State have held contra to the contention of the plaintiff in error on at least three separate occasions (*Shrouder* v. *Sweat,* 148 *Ga.* 378, 96 S. E. 881; *Whites* v. *State,* 23 *Ga. App.* 174, 98 S. E. 171; *Armington & Sons* v. *State of Georgia,* 24 *Ga. App.* 75, 78, 100 S. E. 15), and we see no reason in logic why such should not be the rule in a case of this kind. The recordation of liens, chattel mortgages, conditional bills of sale, deeds to secure debt, and other such instruments has but one purpose, and that is to put *purchasers* of property covered by such instruments on notice of the lienee's rights. Here there is no purchase or sale of an interest in the vehicle involved. This action is penal in nature, and the intention of the legislature was to protect the rights and interests of bona fide lienholders who have no knowledge, express or implied, of the illegal use of the vehicle. It makes no difference in a proceeding such as here under consideration whether such lien is properly recorded or not, the State has the right to condemn only the equity of the lienor or owner of the vehicle, and cannot condemn any interest of an innocent lienholder, whether that interest is of record or not.

For these reasons the trial court did not err in overruling the demurrers of the solicitor general to the intervention, and in refusing the motion to strike the intervention, nor in allowing the filing of the amendment thereto.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*