18270

COMMERCIAL CREDIT CORPORATION, Respondent, v. James WEBB, as Director of the Division of Game, State of South Carolina, and R. H. Hoff, of whom James Webb, Director is, Appellant.

(188 S. E. (2d) 647)

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr., Assistant Attorney General,* of Columbia, *for Appellant,*

*George W. Hall, Esq.,* of Columbia, *for Respondent,*

November 2, 1964.

Moss, Justice.

Commercial Credit Corporation, the respondent herein, commenced this action against James Webb, as Director of the Division of Game for the State of South Carolina, the appellant herein, and one R. H. Hoff, to recover the possession of a 1959 Ford automobile.

It is stipulated by the parties to this action that R. H. Hoff did, on May 16, 1963, purchase the aforesaid automobile from Horne Motors, Inc. and executed a conditional sales contract securing the purchase price thereof. Horne Motors, Inc., on May 16, 1963, for value, duly assigned the aforesaid conditional sales contract to the respondent herein and it is now the owner and holder of said contract.

It is further agreed that Randolph Hoff, a son of R. H. Hoff, did, on July 13, 1963, use said automobile for illegally hunting deer at night and the said Randolph Hoff was thereafter tried, convicted and sentenced for said offense. Section 28-302 of the Code. There was no appeal from this conviction. It is further agreed that the respondent "had no notice that the automobile would be used for any illegal purpose."

The aforesaid automobile was seized by the appellant under the authority of Section 28-457 of the Code, which provides: "Every vehicle, boat, animal and firearm used in the hunting of deer at night is hereby declared forfeited to the State and shall be confiscated by any peace officer, who shall forthwith deliver it to the Director of the Division of Game or his duly authorized agent." The appellant asserts that the State of South Carolina is now the owner of said automobile and is required to dispose of the same pursuant to Section 28-458 of the Code.

The respondent instituted this action against the appellant to recover the automobile in question. R. H. Hoff, the owner of the said automobile, was made a party to said action but did not answer and now has no interest in this case. The appellant, by its answer, asserts that the rights and interests of the respondent in the automobile were and are subordinate to the rights of the State, and that by the seizure and confiscation of the said automobile the respondent and Hoff lost all of their rights, title and interest in said automobile by virtue of the provisions of Section 28-457 of the Code.

This case came on for trial before the Honorable John A. Mason, Presiding Judge of the Richland County Court. The parties waived a trial by jury, stipulated the facts as aforesaid, and submitted the case to the Court for its determination. The sole question for determination is whether the holder of a valid chattel mortgage on an automobile which is seized for a violation of Section 28-457 of the Code is entitled to protection under the law where the holder of the mortgage did not participate in or know about the intended illegal use of the automobile in advance of taking the mortgage. The Trial Judge found for the respondent, holding that it was an innocent mortgagee and since it did not have knowledge of nor consent to the use of the encumbered automobile for the hunting of deer at night, its interest could not be confiscated. This appeal followed.

Section 28-457 of the Code is a penal statute. It has long been the well settled general rule that penal statutes are subject to the rule of strict construction. *Ward v. Greer,* 155 S. C. 426, 152 S. E. 678.

This Court has never had the occasion to construe Section 28-457 of the Code. However, the rights of innocent mortgagees have been protected from forfeiture of property used by a mortgagor for the illegal transportation of liquor under statutes of similar import to the one here being considered.

In *Moody v. McKinney,* 73 S. C. 438, 53 S. E. 543, it was held that, notwithstanding the generality of a statute providing that "[a]ny wagon, cart, boat, or any other conveyance, together with horses, mules, or other animal or animals and harness, accompanying the same, transporting liquors at night, other than regular passenger or freight steamers and railway cars, shall be liable to seizure and confiscation," the rule that general terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence, was applicable in the instant case, and it was accordingly held that under the above statute the property of an innocent owner used in violation of the above statute was not subject to forfeiture.

In *Seignious v. Limehouse,* 107 S. C. 545, 93 S. E. 193, it was held that under the statute referred to in the *Moody case,* that where the mortgagee did not have knowledge of or consent to the use of the automobile by the mortgagor for the illegal transportation of liquor, his interest could not be confiscated. It was further held that although the interest of the mortgagor who used the mortgaged car in illegally transporting liquor was subject to forfeiture, the interest of the innocent mortgagee in such car was entitled to protection.

In *Ward v. Greer,* 155 S. C. 426, 152 S. E. 678, it was held that under the statute providing that a vehicle is not forfeited if used in illegal transportation of liquors unless it

is so used "with the knowledge or consent of the owner", an unpaid chattel mortgagee of an automobile without knowledge that the automobile was being used in the transportation of liquors, was entitled to recover the car after seizure by the sheriff.

In *Manufacturers Finance Acceptance Corp. v. Bramlett,* 157 S. C. 419, 154 S. E. 410, it was held, on the authority of *Ward v. Greer,* 155 S. C. 426, 152 S. E. 678, that the purchase-money mortgagee of an automobile used illegally to transport liquor was entitled to recover the possession of it from the sheriff who had seized it where such mortgagee had no notice that the mortgagor was a violator of the liquor law, in view of the statute which expressly provided that vehicles are to be forfeited when used in the illegal transportation of alcoholic liquors, "if so used with the knowledge or consent of the owner thereof or of the agent or servant of such owner in charge of such vehicle."

In *General Motors Acceptance Corp. v. Chestnut,* 158 S. C. 42, 155 S. E. 231, it was held that the test of the right of the mortgagee to recover the property covered by its mortgage is the mortgagee's guilt or innocence in the use of the vehicle or automobile for the unlawful purpose of transporting alcoholic liquors, and that if any authorized agent or servant of the mortgagee consented to the use of the automobile by the mortgagor in the illegal transportation of alcoholic liquors or had knowledge of such illegal use by the mortgagor, the automobile was subject to confiscation.

The original Act providing for the forfeiture of vehicles, boats, animals and firearms used in the hunting of deer at night was enacted into law on April 19, 1943. 43 Stats., page 184. Such Act was codified in the 1952 Code as Section 28-457, and the applicable portion thereof was as follows: "Every vehicle * * * used with the knowledge or consent of the owner thereof, or of the agent of such owner in charge of such vehicle * * * in the hunting of deer at night is hereby declared forfeited to the State * * *."

The General Assembly, at its 1952 Session, by an Act approved April 24, 1952, 47 Stats. 2179, amended Section 28-457 of the 1952 Code by deleting therefrom the words "used with the knowledge or consent of the owner thereof, or of the agent of such owner in charge of such vehicle," leaving the statute as such is now codified in Section 28-457 of the 1962 Code, hereinbefore quoted.

The appellant contends that the General Assembly intended, by the 1952 amendment, that any vehicle being used in night deer hunting shall be confiscated and declared forfeited to the State, even though such vehicle might be encumbered at the time. It is urged that the General Assembly, by making no reference to the lienholder, clearly intended that such persons would not be protected when an encumbered vehicle is seized. We cannot agree with this contention because neither the original statute nor the amended statute mentions mortgagees or lienholders, although the statute prior to the 1952 amendment does protect owners whose property is used for hunting of deer at night without their knowledge or consent. An owner is a person who holds the legal title to a motor vehicle, and a lienholder is a person holding a security interest in a vehicle.

In the *Moody* and *Seignious* cases, above cited, an innocent owner or mortgagee was protected from confiscation and forfeiture of his property under a statute of similar import to Section 28-457 of the 1962 Code. Likewise, an innocent mortgagee, under a statute of similar import as that contained in Section 28-457 of the 1952 Code, was protected by this Court in the *Ward, Bramlett* and *Chestnut* cases, above cited.

It is here stipulated that the respondent had no notice that the automobile in question would be used for any illegal purpose. There is nothing in the record to show that the respondent knew or had any reason to know that the automobile in question would be used in hunting deer at night. There is nothing in the record that would make the

respondent anything but an innocent mortgagee and, as such, it is entitled to protection.

We conclude, as did the Trial Judge, that the holder of a valid chattel mortgage on an automobile which is seized for violation of Section 28-457 of the Code, is entitled to protection where such holder of the mortgage did not participate in or know about the intended illegal use of the automobile in advance of taking the mortgage.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.